Vincent J. Brown (Cal. Bar No. 226105)
**VJB Law**
8685 Rio San Diego Dr., 4130
San Diego, CA 92108
619.550.8251 (p)
858.408.7442 (f)
vince@vjblaw.com

Attorneys for Jacob K. Cooper

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>TOTAL WEALTH MANAGEMENT, INC., and JACOB KEITH COOPER<br><br>　　　Defendants. | Case 3:15-cv-00226-BAS-DHB<br><br>**DEFENDANT JACOB KEITH COOPER'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

As to the complaint on file, except as otherwise provided, Defendant Jacob Keith Cooper ("Cooper") denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's preamble, headings, subheadings, or elsewhere. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary after further discovery and investigation, including to assert affirmative defenses.

1. Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.
2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, denies the same.
3. Defendant admits that he is Total Wealth's founder and CEO. The rest of the allegations are denied.
4. Denied
5. Defendant admits that Total Wealth Management, Inc. is a California corporation with its principal place of business in San Diego. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.
6. Defendant admits that he is a resident of Washington, Utah and the founder and CEO of Total Wealth. The remaining allegations are denied.
7. Defendant admits that Total Wealth registered with the SEC and Cooper is its CEO. The remaining allegations are denied.
8. Denied.
9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.
10. Denied.
11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.
12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.
13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.
14. Denied.
15. Defendant denies that Total Wealth did webinars. As to the remainder, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

18. Defendant admits that the SEC instituted administrative and cease-and-desist proceedings against Total Wealth and Cooper. Defendant denies the remaining allegations.

19. Admitted.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

22. Denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

24. Denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

26. – 45. Denied.

## **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
(**No Claim**)
The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Plead With Particularity)**

Plaintiff has failed to plead fraud or its predicate acts with sufficient particularity.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped from asserting the claims in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Scienter)**

Defendant did not act with scienter.

**FIFTH AFFIRMATIVE DEFENSE**

**(Barred by Issue Preclusion)**

Plaintiff's claims are barred by the doctrine of issue preclusion

**SIXTH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

Plaintiff's claims are barred by the doctrine of res judicata.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Reliance upon Advice of Experts/Counsel)**

At all times, Defendant Relied on advice of experts and counsel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Material Misrepresentation or Omission)**

Defendant did not make untrue statements or omissions.

**NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Amend Answer)**

Defendant Cooper reserves the right to amend this answer, if necessary, including the addition of affirmative defenses.

**WHEREFORE**, Mr. Cooper respectfully requests that this Court dismiss the Complaint and Plaintiff's claims, enter judgment in favor of Defendant Cooper, and grant any additional relief that is fair and appropriate.

Defendant hereby requests a jury trial on all issues raised in the complaint.

Dated: March 27, 2014          **VJB Law**

By    /s/ *Vincent J. Brown*
Vincent J. Brown, Esq.
Attorneys for Defendant Jacob K. Cooper