DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Receiver
Kristen A. Janulewicz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TOTAL WEALTH MANAGEMENT, INC.; et al.,<br><br>　　　　Defendants. | Case No. 15-cv-226 BAS (DHB)<br><br>NO HEARING REQUIRED UNLESS REQUESTED BY COURT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST INTERIM APPLICATIONS FOR PAYMENT OF FEES AND REIMBURSEMENT OF RECEIVER, KRISTEN A. JANULEWICZ, AND ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**<br><br>[Notice of Applications for Payment of Fees and Reimbursement of Expenses; First Interim Application of Receiver; First Interim Application of Allen Matkins; Declaration of Kristen A. Janulewicz; and [Proposed ]Order submitted concurrently herewith]<br><br>Date:　November 2, 2015<br>Ctrm:　4B<br>Judge:　Hon. Cynthia Bashant |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1022368.06/LA

15-cv-226 BAS (DHB)

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. RELEVANT FACTUAL BACKGROUND ..........................................................2

III. ARGUMENT .........................................................................................................3

    A. The Applications Are Reasonable And Appropriate And Payment Should Be Authorized ...............................................................3

        1. The Fees and Expenses Requested in the Applications are Reasonable ........................................................3

        2. The Fees and Expenses Requested in the First Fee Applications have been Submitted to the Commission, Without Objection ....................................................4

    B. The Receiver Should Be Authorized To Pay Allowed Fees And Expenses From Cash On Hand ..........................................................6

IV. CONCLUSION ......................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Finn v. Childs Co.,
    181 F.2d 431 (2d Cir. 1950) ..................................................................................5

Gaskill v. Gordon,
    27 F.3d 248 (7th Cir. 1994) ..................................................................................3

In re Hokulani Square, Inc.,
    460 B.R. 763 (9th Cir. BAP 2011) .......................................................................4

In re Philadelphia & Reading Coal & Iron Co.,
    61 F. Supp. 120 (D.C. Pa. 1945) ...........................................................................5

SEC v. Elliot,
    953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds,
    998 F.2d 922 (11th Cir. 1993) ..............................................................................3

SEC v. Fifth Avenue Coach Lines, Inc.,
    364 F.Supp. 1220 (S.D.N.Y. 1973) ................................................................. 4, 5

Southwestern Media, Inc. v. Rau,
    708 F.2d 419 (9th Cir. 1983) ................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Pursuant its February 12, 2015 "(1) Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders; and (2) Order Vacating Hearing on Preliminary Injunction" (the "Permanent Appointment Order"), this Court appointed Kristen Janulewicz (the "Receiver"), as the permanent receiver for Defendant Total Wealth Management, Inc. ("Total Wealth") and its subsidiaries and affiliates, including, but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities" or "Entities"), in connection with a request by the Securities and Exchange Commission (the "Commission").

Since her appointment, the Receiver, with assistance from her counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), has diligently carried out her duties in accordance with the Court's Orders, including the Permanent Appointment Order and its May 8, 2015 Order Granting Motion for Order in Aid of Receivership ("Motion for Order in Aid"), approving the Receiver's engagement of Allen Matkins.  Pursuant to Section XVI of the Permanent Appointment Order, and Section 6(c) of the Motion for Order in Aid, the Receiver and Allen Matkins each hereby submit their respective First Interim Applications for Payment of Fees and Reimbursement of Expenses (the "Applications"), for fees and costs incurred by the Receiver and her agents and counsel from the inception of the receivership on February 4, 2015 through June 30, 2015 (the "Application Period"). The Applications seek interim approval of $195,832.90 in fees incurred by the Receiver during the Application Period, and authorization for the Receiver to pay, on an interim basis, 90% of the fees incurred, in the amount of $176,249.61.  The Applications further seek the approval of Allen Matkins' fees and costs in the amount of $252,037.35 and $17,081.93, respectively, and authorization for the Receiver to pay Allen Matkins, on an interim basis, 80% of its fees incurred, in the

1  amount of $201,629.88 and 100% of its expenses in the amount of $17,081.93, from
2  the assets of the Receivership Entities.

## II. RELEVANT FACTUAL BACKGROUND.

A full recitation of the procedural history of the above-captioned action is unnecessary for the purposes of the Applications, and is presented completely and in detail in the Receiver's previously submitted Initial Report and Recommendations and Petition for Instructions (the "Initial Report") and her First Interim Report and Petition for Further Instructions (the "First Interim Report"), each of which summarize the efforts of the Receiver and her professionals[1] since the commencement of the instant receivership. The facts most relevant to the Applications are as follows:

The above-captioned enforcement action commenced with the Commission's Complaint (the "SEC Complaint"), submitted on February 3, 2015, against Defendants Total Wealth and Jacob Keith Cooper  (See Docket No. 1.)  The Commission's Complaint alleged that Defendants violated the federal securities laws, including by allegedly breaching their fiduciary duties to investors, wrongfully deploying client funds for their own, personal purposes, and committing fraud. The Court entered the Permanent Appointment Order on February 12, 2015, granting the Commission's request for the appointment of the Receiver, and imposing certain injunctive relief against the Receivership Entities and anyone acting in concert with them.  (See Docket No. 8.) On May 8, 2015, this Court granted the Receiver's request for an Order in Aid of Receivership, clarifying certain administrative matters and providing the Receiver with certain specific authority regarding communications with Entity investors and protection of private information, among other things.  (See Docket No. 31.)

---

[1] For the purposes of this Application, the only professionals seeking compensation are Allen Matkins.

Since her appointment, the Receiver has assumed control over the Receivership Entities and their estate (the "Estate"), and commenced a detailed review of their business and financial activities. The Receiver expects this effort will enable her to better understand and provide an accounting for the Entities' affairs, and to identify, locate, and recover assets of the Receivership Entities, as directed in the Permanent Appointment Order. (See concurrently filed Declaration of Kristen A. Janulewicz ["Janulewicz Decl."] ¶ 2.) Again, the specific actions taken by the Receiver are described in detail in her Initial Report and First Interim Report. Having diligently carried out their duties in connection with the instant receivership, the Receiver and Allen Matkins now request that the Court authorize the interim payment of their respective fees and expenses, through June 30, 2015, from the assets of the Estate as addressed here and in the Applications.

## III. ARGUMENT.

### A. The Applications Are Reasonable And Appropriate And Payment Should Be Authorized.

"As a general rule, the expenses and fees of a receivership are a charge upon the property administered." Gaskill v. Gordon, 27 F.3d 248, 251 (7th Cir. 1994). These expenses include the fees and expenses of the Receiver and her professionals. Decisions regarding the timing and amount of an award of fees and costs to the Receiver and her professionals are committed to the sound discretion of the Court. See SEC v. Elliot, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)).

#### 1. The Fees and Expenses Requested in the Applications are Reasonable.

In determining the reasonableness of fees and expenses requested in this context, the Court should consider the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefit of the services rendered to the receivership estate. SEC v. Fifth Avenue Coach Lines, Inc.,

364 F.Supp. 1220, 1222 (S.D.N.Y. 1973); see also Southwestern Media, Inc. v. Rau, 708 F.2d 419, 427 (9th Cir. 1983) (superseded on other grounds by statute as stated in In re Hokulani Square, Inc., 460 B.R. 763, 768 (9th Cir. BAP 2011)).

Here, the Applications describe the nature of the services that have been rendered, and, where appropriate, the identity and billing rate of the individual(s) performing each task. The Receiver and Allen Matkins have endeavored to staff matters as efficiently as possible in light of the level of experience required and the complexity of the issues presented. Moreover, both the Receiver and Allen Matkins seek payment, on an interim basis, of only a percentage of the fees and costs incurred, in recognition of the fact that the work on this matter is ongoing. The Receiver seeks payment of 90% of fees incurred during the Application Period, in the amount of $176,249.61. Allen Matkins seeks payment of 80% of its fees incurred during the Application Period, totaling $201,629.88, plus 100% of its expenses, totaling $17,081.93. Payment of the proposed 10% and 20% holdbacks, respectively, will be sought at the conclusion of the receivership. In general, the Applications reflect the Receiver's and Allen Matkins' customary billing rates and the rates charged for comparable services in other matters, less any discounts or reductions specifically identified in the Applications.

The Receiver has reviewed the Applications, and believes the fee and expense requests to be fair and reasonable, and an accurate representation of the work performed for the benefit of the Receivership Entities. (See Janulewicz Decl. ¶ 3.) The Receiver has likewise determined that the Estate has actually benefited from the services. (Id.)

        2.    <u>The Fees and Expenses Requested in the First Fee Applications have been Submitted to the Commission, Without Objection.</u>

Courts give great weight to the judgment and experience of the Commission relating to receiver compensation. "[I]t is proper to [keep] in mind that the [Commission] is about the only wholly disinterested party in [this] proceeding and

that … its experience has made it thoroughly familiar with the general attitude of the Courts and the amounts of allowances made in scores of comparable proceedings." In re Philadelphia & Reading Coal & Iron Co., 61 F.Supp. 120, 124 (D.C. Pa. 1945). Indeed, the Commission's perspectives are not "mere casual conjectures, but are recommendations based on closer study than a district judge could ordinarily give to such matters."  Finn v. Childs Co., 181 F.2d 431, 438 (2d Cir. 1950) (internal quotation marks omitted).  In fact, "recommendations as to fees of the [Commission] may be the only solution to the 'very undesirable subjectivity with variations according to the particular judge under particular circumstances' which has made the fixing of fees seem often to be 'upon nothing more than an ipse dixit basis.'"  Id.  Thus, the Commission's perspective on the matter should indeed by given "great weight," as observed by the court in Fifth Avenue Coach Lines, Inc., 364 F. Supp. at 1222.

In order to ensure that the fees and expenses requested in the Applications are appropriate, the Receiver and Allen Matkins submitted their respective invoices to the Commission for review.  The Commission has indicated that it does not object to the requested fees and costs.  The Commission's apparent satisfaction with the subject invoices therefore merits significant deference.  As the Philadelphia & Reading Coal & Iron Co. court observed, the Commission is "thoroughly familiar with … the amounts of allowances made in scores of comparable proceedings."  61 F.Supp. at 124.  Indeed, the Commission is likely in the best position to measure the fees and costs requested here against those incurred in other, similar proceedings, and cases of similar complexity.  The Receiver and her Professionals thus respectfully request that the Court approve all requested fees and expenses reflected in the Applications.

**B.   The Receiver Should Be Authorized To Pay Allowed Fees And Expenses From Cash On Hand.**

The Receiver presently holds approximately $3,472,742.29 for the benefit of the Receivership Entities.  (See Janulewicz Decl. ¶ 2.) In the aggregate, the Receiver holds funds well in excess of those requested in the Applications, and the Receiver respectfully requests the Court's permission to pay requested fees and costs from the cash on hand and available from the accounts of the Receivership Entities.

## IV.   CONCLUSION.

The Receiver and Allen Matkins therefore respectfully request that this Court enter an Order:

1.   Approving the Receiver's fees, in the amount of $195,832.90;

2.   Authorizing and directing the Receiver to pay herself 90% of approved fees, or $176,249.61, from the assets of the Receivership Entities, on an interim basis;

3.   Approving Allen Matkins' fees, in the amount of $252,037.25;

4.   Authorizing and directing the Receiver to pay Allen Matkins 80% of approved fees, or $201,629.88, from the assets of the Receivership Entities, on an interim basis;

5.   Approving Allen Matkins' costs, totaling $17,081.93, and authorizing and directing the Receiver to reimburse Allen Matkins for such costs in full.

Dated:  September 21, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO

By:   */s/   Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
Kristen A. Janulewicz

# PROOF OF SERVICE

*Securities and Exchange Commission v. Total Wealth Management, Inc., et al.*
USDC, Southern District of California – Case No. 15-cv-226 BAS (DHB)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3398.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST INTERIM APPLICATIONS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF RECEIVER, KRISTEN A. JANULEWICZ, AND ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **September 22, 2015**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Vincent J. Brown**
  vince@vjblaw.com,vjblaw@gmail.com
- **John Bulgozdy**
  bulgozdyj@sec.gov,larofiling@sec.gov,berryj@sec.gov, irwinma@sec.gov
- **Christina Lenore Geraci**
  christina@geracilawfirm.com,cynthia.perry@geracilawfirm.com
- **Geraci Law Firm**
  christina@geracilawfirm.com
- **Gary Y. Leung, Jr**
  leungg@sec.gov,larofiling@sec.gov,berryj@sec.gov
- **David J. Van Havermaat**
  vanhavermaatd@sec.gov,larofiling@sec.gov,irwinma@sec.gov
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com

1009060.13/LA

- 1 -

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On **September 22, 2015**, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mikel R. Bistrow, Esq.<br>Ballard Spahr LLP<br>655 W. Broadway, Suite 1600<br>San Diego, CA 92101 | **Via U.S. First Class Mail** |
| Richard M. Kipperman<br>PO Box 3010<br>La Mesa, CA 91944-3010 | **Via U.S. First Class Mail** |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **September 22, 2015** at Los Angeles, California.

_/s/ Martha Diaz_
Martha Diaz