1   DAVID R. ZARO (BAR NO. 124334)
    JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2   TIM C. HSU (BAR NO. 279208)
    ALLEN MATKINS LECK GAMBLE
3     MALLORY & NATSIS LLP
    515 South Figueroa Street, Ninth Floor
4   Los Angeles, California 90071-3309
    Phone:  (213) 622-5555
5   Fax:  (213) 620-8816
    E-Mail: dzaro@allenmatkins.com
6           jdelcastillo@allenmatkins.com
            thsu@allenmatkins.com
7
    Attorneys for Receiver
8   Kristen A. Janulewicz

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  SECURITIES AND EXCHANGE        Case No. 15-cv-226 BAS (DHB)
    COMMISSION,
13                                 NO HEARING REQUIRED UNLESS
                 Plaintiff,        REQUESTED BY COURT
14
         vs.                       **FIRST INTERIM APPLICATION
15                                 FOR PAYMENT OF FEES AND
    TOTAL WEALTH MANAGEMENT,       REIMBURSEMENT OF EXPENSES
16  INC.; et al.,                  OF RECEIVER'S COUNSEL, ALLEN
                                   MATKINS LECK GAMBLE
17               Defendants.       MALLORY & NATSIS, LLP**

18                                 [Notice of Applications for Payment of
                                   Fees and Reimbursement of Expenses;
19                                 First Interim Application of Receiver;
                                   Memorandum of Points and Authorities;
20                                 Declaration of Kristen A. Janulewicz; and
                                   [Proposed] Order submitted concurrently
21                                 herewith]

22                                 Date:   November 22, 2015
                                   Ctrm:   4B
23                                 Judge:  Hon. Cynthia Bashant

24

25

26

27

28

## I.    INTRODUCTION

Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), counsel of record for Kristen A. Janulewicz (the "Receiver"), the Court-appointed permanent receiver for Defendant Total Wealth Management, Inc. and its subsidiaries and affiliates, including, but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities" or "Entities"), hereby submits this First Interim Application for Payment of Fees and Reimbursement of Expenses (the "Application").  The Application covers the period from February 1, 2015, through June 30, 2015 (the "Application Period").

As reflected below, during the Application Period, Allen Matkins spent a total of 566.5 hours working on behalf of the Receivership Entities, at a weighted average rate of $444.90 per hour, for fees totaling $252,037.35.  In addition, Allen Matkins incurred $17,081.93 in expenses.  In accordance with this Court's Orders, Allen Matkins, now requests that the Court approve the $252,037.35 in fees and $17,081.93 in expenses incurred during the Application Period, and enter an Order authorizing the Receiver to pay, on an interim basis, 80% of the fees incurred ($201,629.88) and 100% of expenses incurred.

## II.    GENERAL SUMMARY

During the Application Period, the Receiver made substantial progress in satisfaction of her duties as determined by the Court in its February 4, 2015 Temporary Restraining Order and Order Appointing Receiver and February 12, 2015 Preliminary Injunction and Order.  As reflected in the Receiver's prior submissions to this Court, among other things the Receiver has, with Allen Matkins' advice and assistance:  (1) undertaken an extensive Receivership Entity document recovery and review effort, resulting in the recovery of over 1 million pages of materials relating to the business and financial activities of the Receivership Entities; (2) completed a preliminary review of the most significant materials recovered in an effort to better understand the business and financial activities of the

Receivership Entities; (3) recovered nearly $3.4 million in assets of the Receivership Entities ("Receivership Assets"); (4) accounted for the bulk of the investments made by the Entities on behalf of their investors; (5) identified numerous entities believed to be in possession of assets belonging to the Receivership Assets totaling more than $34 million; (6) prepared two reports to the Court addressing her preliminary conclusions, including that the Entities have received substantial revenue sharing fees from third party investments in which they invested, a key allegation in this matter; (7) recovered $260,000 in connection with the bankruptcy sale of Metropolitan Coffee and Concession Company, LLC ("Metro Coffee") and related assets; (8) commenced an investigation of the two largest recipients of Receivership Assets, with investments exceeding $50 million, at least $18 million of which the Receiver has confirmed was lost in the pre-receivership period; (9) administered pending liquidations that resulted in over $1 million being returned to the Receiver and submitted redemption requests for another $16 million in Receivership Assets; (10) regularly fielded and responded to inquiries from investors and other third parties; and (11) monitored and participated in pending litigation against the Receivership Entities, as necessary, and taken appropriate steps to protect the Entities' interests in such litigation, including via advising all presiding courts of the pending receivership and the self-help bar included in this Court's prior Orders.

Given the amount and nature of the work completed by the Receiver's counsel in furtherance of the Receiver's duties, Allen Matkins and the Receiver respectfully submit that the fees and expenses incurred during the Application Period are appropriate. Allen Matkins and the Receiver therefore request that the Court approve Allen Matkins' fees totaling $252,037.35 and expenses totaling $17,081.93. Again, Allen Matkins requests that, as an accommodation to the estate of the Receivership Entities, the Court enter an Order authorizing payment of 80% of its fees (in the amount of $201,629.88) and 100% of its expenses (in the amount of $17,081.93), on an interim basis, at this time.

III.   **SERVICES PERFORMED BY ALLEN MATKINS DURING THE APPLICATION PERIOD AS COUNSEL TO THE RECEIVER**.

The order approving the Receiver's engagement of Allen Matkins was entered on May 8, 2015.  The Receiver selected Allen Matkins as her general counsel because of the firm's extensive experience and expertise in federal equity receiverships, as well as bankruptcy and litigation matters.  Allen Matkins has served as counsel to federal equity receivers in dozens of cases, has represented a variety of entities in bankruptcy matters, and has significant substantive experience in related areas such as corporate and securities laws, real estate, and other matters.

During the Application Period, Allen Matkins staffed each task as efficiently as possible, using a team of core attorneys, with the assistance of specialized expertise as necessary.  As the Court is aware, Allen Matkins agreed to discount its ordinary billing rates by 10% and to not adjust its billing rates for attorneys staffed on this matter until January 2016, despite the fact that the firm's rates ordinarily adjust in July of each year.

Detailed descriptions of the services rendered by Allen Matkins are contained in **Exhibit A**, attached hereto.  Biographical information of the Allen Matkins attorneys who have rendered significant services to the Receiver during the Application Period are attached as **Exhibit B**.  During the Application Period, Allen Matkins recorded its time in the following categories:[1]

1.     General & Administrative;

2.     General Receivership

3.     Asset Recovery and Administration;

4.     Investigation/Reporting;

---

[1]  While every effort is made to be consistent and accurate in the allocation of activities to the various categories, certain activities may lend themselves to more than one category, or may simply be difficult to categorize.  Nevertheless, **Exhibit A** reflects the actual time spent on any given activity and contains an accurate description of the services provided.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1022367.04/LA

-3-

5.      Investor Communications;

6.      Sale of Assets/Disposition;

7.      Pending Litigation;

8.      Claims; and

9.      Employment.

1.      General & Administrative

The "General & Administrative" category consists only of expenses related to administrative tasks and Federal Express charges.

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| **Total Expenses** | | | | **$130.77** |

2.      General Receivership.

Services in the "General Receivership" category relate to assisting the Receiver with the administration of the receivership estate.  During the Application Period, Allen Matkins attorneys assisted the Receiver in developing methods for identifying and securing Receivership Assets, along with the development of a document recovery and review and forensic accounting strategy.  These efforts involved significant time spent identifying target entities, sending demand letters, communicating with third-party entities, and reviewing thousands of documents produced in response to such requests.

Allen Matkins also provided assistance in drafting notices of the pending receivership, research and notification efforts related to exercising jurisdiction, and registering the Appointment Order in other districts.  Allen Matkins further drafted the and submitted the Receiver's Motion for Order and Aid of Receivership, the Opposition to a Motion to Intervene filed by a party completely unrelated to this matter, and whom the Court ultimately admonished against further interference with the Receiver, and a confidential Early Neutral Evaluation Statement in advance of

attending the Early Neutral Evaluation conference presided over by Magistrate Judge Bartick.

Perhaps most importantly, services billed to the General Receivership category include the time devoted to ensuring Receivership Assets were frozen in accordance with the Court's Orders and reviewing the extent of the Entities' interest in Metropolitan Coffee and Concession Company, LLC ("Metro Coffee") and negotiating the terms of Metro Coffee's sale and the turnover of $260,000 in surplus proceeds to the Receiver, pending a future adjudication of the Receiver's rights against such funds.

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $648.00 | 19.2 | $12,441.60 |
| Robert R. Barnes | Partner | $625.50 | 0.2 | $125.10 |
| W. Huckins | Partner | $562.50 | 0.3 | $168.75 |
| J. del Castillo | Partner | $472.50 | 104.1 | $49,187.25 |
| K. Harbison | Associate | $414.00 | 16.1 | $6,665.40 |
| M. Zonne | Associate | $265.50 | 28.4 | $7,540.20 |
| G. Lopez | Paralegal | $234.00 | 2.6 | $608.40 |
| E. Yang | Paralegal | $207.00 | 1.6 | $331.20 |
| **TOTAL:** | | | **172.5** | **$77,067.90** |
| **Average Hourly Rate**[2] | | **$446.77** | | |
| **Total Expenses** | | | | **$15,451.85** |

3.      Asset Recovery and Administration.

Services in the "Asset Recovery and Administration" category relate directly to the Receiver's efforts to identify, secure, and recover Receivership Assets.

---

[2]   All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

During the Application Period, Allen Matkins assisted the Receiver in her asset recovery efforts, including preparing demand and asset turnover letters, reviewing documents and identifying Receivership Assets, and coordinating with the Receiver in connection with potential disgorgement actions against suspected recipients of Receivership Assets.  In connection with this last issue, Allen Matkins further investigated the potential designation of third parties associated with the Entities as Receivership Entities.  Finally, Allen Matkins drafted and revised the a draft Application for Order to Show Cause related to attorney Paul Manasian's delay in producing materials and returning funds belonging to the Receivership Entities.

| Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| D. Zaro | Partner | $648.00 | 1.9 | $1,231.20 |
| J. del Castillo | Partner | $472.50 | 17.6 | $8,316.00 |
| **TOTAL:** | | | **19.5** | **$9,547.20** |
| **Average Hourly Rate[3]** | | **$489.6** | | |

4.     Investigation/Reporting.

Services in the "Investigation/Reporting" category relate to the Receiver's efforts to investigate the nature and location of Receivership Assets, along with the business and financial activities of the Entities, and her preparation of reports to the Court.  Allen Matkins assisted the Receiver in connection with the identification, recovery, and review of documents relating to the Receivership Entities and their business and financial activities, and with the compilation and presentation of conclusions derived from these materials to the Court.  This effort involved coordinating the development of an initial investigation and discovery plan with the Receiver, identification of appropriate subjects and entities, and the preparation and

---

[3]   All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

service of subpoenas, as well as the communication with attorneys and other representatives for these entities.  Allen Matkins kept a detailed accounting of the discovery efforts and communicated the results and status to the Receiver frequently.

During the Application Period, Allen Matkins also prepared for a witness interview of Defendant Jacob Cooper and Brittany Fowler, a former Entity employee, as well as facilitating the turn-over and imaging of Mr. Cooper's and Ms. Fowler's computers, along with the retrieval of hundreds of thousands of Entity records maintained in online/cloud storage.  Allen Matkins also responded to a third party subpoena and sent out two sets of production in response during the Application Period.  Finally, Allen Matkins prepared the Receiver's Initial Report and Recommendations and Petition for Further Instructions, which summarized the Receiver's efforts and preliminary conclusions.

| **Name** | **Title** | **Rate** | **Hours** | **Fees** |
|---|---|---|---|---|
| D. Zaro | Partner | $648.00 | 31.5 | $20,412.00 |
| J. del Castillo | Partner | $472.50 | 110.9 | $52,400.25 |
| K. Harbison | Associate | $414.00 | 87.0 | $36,018.00 |
| R. Reid | Litigation Consultant | $292.50 | 0.7 | $204.75 |
| M. Zonne | Associate | $265.50 | 56.1 | $14,894.55 |
| G. Lopez | Paralegal | $234.00 | 0.9 | $210.60 |
| A. Engstrom | Law Clerk | $202.50 | 3.9 | $789.75 |
| **TOTAL:** | | | **291.0** | **$124,929.90** |
| **Average Hourly Rate[4]** | | **$429.31** | | |
| **Total Expenses** | | | | **$485.17** |

---

[4]  All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

1        5.     <u>Investor Communications</u>.

2        The time billed to this matter reflects Allen Matkins' assistance to the

3   Receiver in connection with communications with Entity investors and Allen

4   Matkins' direct discussions with investors and investor representations at the

5   Receiver's behest.  During the Application period, Allen Matkins also assisted the

6   Receiver in managing correspondence with investors regarding the status of the

7   receivership.

| **Name** | **Title** | **Rate** | **Hours** | **Fees** |
|---|---|---|---|---|
| J. del Castillo | Partner | $472.50 | 6.0 | $2,835.00 |
| **TOTAL:** | | | **6.0** | **$2,835.00** |
| **Average Hourly Rate[5]** | | **$472.50** | | |

13        6.     <u>Sale of Assets/Disposition</u>.

14        This category consists only of expenses incurred by research conducted

15   regarding legal issues related to the potential disposition of Receivership Assets.

| **Name** | **Title** | **Rate** | **Hours** | **Fees** |
|---|---|---|---|---|
| **Total Expenses** | | | | **$52.80** |

19        7.     <u>Pending Litigation</u>.

20        Services provided in the "Pending Litigation" category during the Application

21   Period include the detailed analysis and management of all pre-receivership actions

22   pending against the Receivership Entities, the preparation of materials to submit in

23   connection with each of those actions, and the preparation of the Receiver and her

24   personnel in anticipation of related hearings and party inquiries regarding the status

25   of those actions, including the administrative litigation pending administrative

---

[5]   All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

action (the "Administrative Case") being prosecuted by the Plaintiff Securities and Exchange Commission (the "Commission") against Defendant Cooper, and the investor action, <u>Calderon v. Total Wealth Management, Inc.</u>, then pending in the San Diego Superior Court and since removed to this Court.  Substantial time during the Application Period was spent working with the Receiver in connection with her obligation to testify at and prepare exhibits for her appearance in the Administrative Case.

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $648.00 | 7.0 | $4,536.00 |
| J. del Castillo | Partner | $472.50 | 54.8 | $25,893.00 |
| E. Fates | Partner | $463.50 | 3.1 | $1,436.85 |
| K. Harbison | Associate | $414.00 | 1.9 | $786.60 |
| M. Zonne | Associate | $265.50 | 0.5 | $132.75 |
| **TOTAL:** | | | **67.3** | **$32,785.20** |
| **Average Hourly Rate**[6] | | **$487.15** | | |
| **Total Expenses** | | | | **$961.34** |

     8.   <u>Claims.</u>

During the Application Period, Allen Matkins communicated with Richard Kipperman, the pre-receivership state court receiver appointed in the <u>Calderon</u> action and his counsel, coordinated inquiries regarding Mr. Kipperman's potential claims in this matter, and provided required updates to the Receiver and the Commission regarding these issues.

---

[6]  All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

| Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| D. Zaro | Partner | $648.00 | 0.3 | $194.40 |
| J. del Castillo | Partner | $472.50 | 0.5 | $236.25 |
| **TOTAL:** | | | **0.8** | **$430.65** |
| **Average Hourly Rate[7]** | | **$538.31** | | |

9.    Employment.

During the Application Period, Allen Matkins worked with the Receiver to determine the supplemental administrative powers and authorities deemed necessary for the administration of the receivership estate, noticing of interested parties, engagement of professionals, and other matters, and prepared and filed the Receiver's Motion for Order in Aid of Receivership and the accompanying proposed order, and exhibits.

| Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| J. del Castillo | Partner | $472.50 | 9.4 | $4,441.50 |
| **TOTAL:** | | | **9.4** | **$4,441.50** |
| **Average Hourly Rate[8]** | | **$472.50** | | |

## IV.   THE FEES AND EXPENSES ARE REASONABLE AND SHOULD BE ALLOWED

Allen Matkins believes that its fee and cost requests are fair and reasonable, and that the requested fees and costs incurred were necessary, and significantly benefitted the estate of the Receivership Entities.

---

[7]   All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

[8]   All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

1    The billing rates of Allen Matkins personnel are comparable to those charged

2  in the community on similarly complex matters.  Further, the billing statements of

3  Allen Matkins have been submitted to the Commission for review prior to the filing

4  of this Application.  The Commission has not objected to the requested fees and

5  costs.

6    Moreover, Allen Matkins seeks payment of $201,628.88 in fees, or 80% of

7  the fees incurred during the Application Period, in recognition of the fact that its

8  work in assisting the Receiver is ongoing.  Payment of the remaining 20% of its fees

9  will be deferred, and Allen Matkins will seek payment for this so-called holdback at

10  the conclusion of the receivership.  Allen Matkins' fees are fair and reasonable and

11  should be approved and paid on an interim basis.

12  **IV.    CONCLUSION**

13    **Accordingly, Allen Matkins respectfully requests that the Court enter an**

14  **Order approving Allen Matkins' fees in the amount of $252,037.25, its expenses**

15  **in the amount of $17,081.93, and further authorizing the Receiver to pay Allen**

16  **Matkins, on an interim basis, 80% of its fees incurred, in the amount of**

17  **$201,628.88, and 100% of its expenses, in the amount of $17,081.93.**

18

19  Dated:  September 21, 2015          ALLEN MATKINS LECK GAMBLE
                                          MALLORY & NATSIS LLP
20                                       DAVID R. ZARO
                                         JOSHUA A. DEL CASTILLO
21                                       TIM C. HSU

22                                       By:      /s/    *Joshua A. del Castillo*

23                                          JOSHUA A. DEL CASTILLO
                                            Attorneys for Receiver
24                                          Kristen A. Janulewicz

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1022367.04/LA                           -11-                    Case No.  15-cv-226 BAS (DHB)