JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
Email:  vanhavermaatd@sec.gov
GARY Y. LEUNG (Cal. Bar No. 302928)
Email:  leungg@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>　　　　Defendants. | Case No.  15-cv-226 BAS (DHB)<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO FIRST INTERIM FEE APPLICATIONS OF THE RECEIVER AND HER COUNSEL (Dkt. No. 51)**<br><br>Date:　　November 2, 2015<br>Ctrm:　　4B<br>Judge:　　Hon. Cynthia Bashant<br><br>NO HEARING REQUIRED UNLESS REQUESTED BY COURT |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this response to the First Interim Applications for Payment of Fees and Reimbursement of Expenses of Receiver, Kristen A. Janulewicz and the Receiver's general counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"). The Receiver has incurred fees during the fee period, from February 4, 2015 to June 30, 2015, of $195,832.90, and requests an interim payment of $176,249.61. Allen Matkins has incurred fees during the fee period of $252,037.35, and requests an interim payment of $201,629.88; and in addition, Allen Matkins seeks reimbursement of 100% of expenses incurred in the amount of $17,081.93. During the same period, the Receiver has recovered and holds cash of $3,472,742.29.

The SEC has reviewed the fee applications, and supports the request for an interim payment. It appears that the fees and expenses are reasonable and necessary to the operation of the receivership.

## II. DISCUSSION

It is well established that the determination if and when to award fees and expenses to a court-appointed receiver and the professionals employed by the receiver are within the Court's sound discretion. *See Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). The "compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs" and the difficulty involved in that management. *Stuart v. Boulware*, 133 U.S. 78, 81-82, 10 S. Ct. 242, 33 L. Ed. 568 (1890). An award of interim fees may be appropriate where a receiver or the professionals employed by the receiver "regularly devote[] a portion of his time, either daily or weekly, to the administration of the estate[.]" *See In Re McGann Mfg. Co.*, 188 F.2d 110, 112 (3d Cir. 1951) (interim fees to bankruptcy trustee or his counsel). *See also In re Alpha*

*Telcom, Inc.*, No. CV 01-1283-PA, 2006 WL 3085616, at *3 (D. Ore. Oct. 27, 2006). Any award of interim fees is interim because the Court ultimately sets the fee at the conclusion of the receivership, and any fees awarded in the interim are subject to adjustment, if appropriate, when the Court determines the final fee to be awarded at the close of the receivership. *See, e.g., In re Scoggins*, 142 B.R. 940, 943 (Bankr. D. Ore. 1992) (review of fees may require disgorgement of interim payments); *In re Barron*, (73 B.R. 812 (Bankr. S.D. Cal. 1987) (same).

      Here, the billing records and supporting documentation show that the Receiver and her staff spent a total of 1,014.6 hours working on the receivership, including such necessary steps as taking possession and control of the receivership entities' documents; interviewing the principals; reviewing the documents to understand the business operations of the receivership entities; identifying assets; recovering approximately $3.2 million in funds; and putting together a preliminary analysis for the benefit of the Court.

      The receivership entities purportedly invested substantial amounts on behalf of the clients of defendants Total Wealth Management, Inc. ("Total Wealth") and Jacob Cooper, however, the receiver determined the defendants, and their entities, apparently did not have liquid assets on hand sufficient to redeem the investors' funds. The Receiver has therefore taken reasonable and necessary efforts to locate assets for the benefit of the clients of Total Wealth and Cooper. These are prudent and necessary steps.

      The Receiver's general counsel, Allen Matkins, supports its request for interim fees with billing records showing 566.5 hours working on behalf of the Receiver. The largest single category of fees incurred by Allen Matkins involved investigating the nature and location of the assets of the receivership entities, and the reports to the Court. Cooper and Total Wealth operated several "funds of funds," which in turn invested in other funds, and Allen Matkins and the Receiver properly devoted time to investigating this complicated web of companies, and

trying to locate assets sufficient to repay the clients of Total Wealth and Cooper, and the investors in the funds operated by Total Wealth and Cooper.

In general, there are substantial initial costs as a Receiver takes control of receivership entities in SEC enforcement actions, marshals assets, and investigates the operations to be able to report to the Court.  Such costs are necessary to ensure that the receivership functions efficiently in the long run, and provide the basis for the Receiver and the Court to make informed decisions going forward.  The work performed at the outset helps the Receiver locate additional assets and identify claims that ultimately may provide a greater financial benefit to the receivership entities, and ultimately to the defrauded investors.

The requested interim payments are supported by billing records that support the conclusion that the fees and expenses were reasonable and necessary to the functioning of the receivership entities.  The SEC therefore supports the requested interim payments.

## III.  CONCLUSION

The SEC supports the requested interim fee applications of the Receiver and her general counsel, Allen Matkins.

Dated:  October 13, 2015

 */s/ John B. Bulgozdy*
John B. Bulgozdy
David J. Van Havermaat
Gary Y. Leung
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
400 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 13, 2015, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO FIRST INTERIM FEE APPLICATIONS OF THE RECEIVER AND HER COUNSEL (Dkt. No. 51)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  October 13, 2015            */s/ John B. Bulgozdy*
                                    John B. Bulgozdy

1

*SEC v. Total Wealth Management, Inc., et al.*
**United States District Court – Southern District of California**
**Case No. 3:15-cv-226-BAS-DHB**

**SERVICE LIST**

Vincent J. Brown, Esq. **(served by CM/ECF only)**
VJB Law Offices
977 Sigsbee Street
San Diego, CA 92113
Email: vince@vjblaw.com
*Attorney for Defendant Jacob Keith Cooper*

Joshua del Castillo, Esq. **(served by CM/ECF only)**
David Zaro, Esq. **(served by electronic mail only)**
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: jdelcastillo@allenmatkins.com
Email: dzaro@allenmatkins.com
*Attorneys for Kristen A. Janulewicz, Receiver for Defendant Total Wealth Management, Inc.*

2