UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                         Plaintiff,<br><br>   v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>                       Defendants. | Case No.:  15cv226-BAS (DHB)<br><br>**ORDER SANCTIONING ATTORNEY VINCENT J. BROWN; AND SCHEDULING TELEPHONIC STATUS CONFERENCE** |

On October 13, 2015, the Court held an Order to Show Cause Hearing regarding whether Attorney Vincent J. Brown, counsel for Defendant Jacob Keith Cooper, should be sanctioned for his failures to appear at the August 28, 2015 Case Management Conference, the September 8, 2015 Case Management Conference, the September 10, 2015 Show Cause Hearing, and the October 13, 2015 Show Cause Hearing.  For the reasons set forth below, the Court finds Mr. Brown should be personally sanctioned for his repeated failures to respond to Court orders and appear at scheduled hearings.

/ / /

/ / /

/ / /

1

## I.  PROCEDURAL HISTORY

On July 23, 2015, the Court held a telephonic Status Conference in this case.  Mr. Brown appeared on behalf of Defendant Cooper.  (ECF No. 41.)  On August 28, 2015, the Court held a telephonic Case Management Conference.  However, Mr. Brown did not appear for the conference.  (ECF No. 45.)  The Court attempted to reach Mr. Brown at the number listed on the docket for his office, but was unsuccessful.  Counsel for Plaintiff speculated that Mr. Brown may have had a medical issue that caused his failure to appear.  Therefore, the Court continued the Case Management Conference to September 8, 2015, and issued an Order to Show Cause ("OSC") regarding Mr. Brown's non-appearance.  The Court also directed Mr. Brown to file a written response to the OSC by September 4, 2015.  (ECF Nos. 46, 47.)

On September 8, 2015, Mr. Brown failed to appear for the rescheduled telephonic Case Management Conference.  (ECF No. 48.)  The Court again attempted to reach Mr. Brown by telephone, to no avail.  On September 10, 2015, the Court held a Show Cause Hearing, and Mr. Brown did not appear.  (ECF No. 50.)  Mr. Brown also did not respond in writing to the OSC as ordered by the Court.

On October 5, 2015, the Court set a further Show Cause Hearing for October 13, 2015.  (ECF No. 52.)  The Court invited Mr. Brown to respond to the OSC in writing, if he so desired.  Mr. Brown did not respond in writing, and did not appear at the hearing on October 13, 2015.  (ECF No. 55.)

The Court notes that it has attempted to reach Mr. Brown by telephone on several occasions, and has been unsuccessful.  The Court has not been able to leave Mr. Brown a voicemail message, as his office number will not accept messages.

## II.  DISCUSSION

If a party's attorney fails to appear at a scheduling or other pretrial conference, the Court has discretion to impose sanctions.  Fed. R. Civ. P. 16(f); CivLR83.1; *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  Monetary sanctions may be personally imposed on counsel for such failures.  *Miranda v. Southern Pacific Transportation Co.*,

710 F.2d 516, 521 (9th Cir. 1983).

To date, Mr. Brown has repeatedly disregarded this Court's orders, failed to appear at scheduled hearings, and has not proffered any excuse for his lack of participation in this case. Indeed, Mr. Brown has failed to respond in any way to the Orders to Show Cause issued on August 28, 2015 and October 5, 2015. Because concerns were initially expressed that a medical condition may have been the cause for Mr. Brown's absences, the Court set this matter for a second Show Cause Hearing, and has waited patiently for any response from Mr. Brown. However, at this point, it appears there is no justification for Mr. Brown's failures to appear. Therefore, the Court finds monetary sanctions are warranted. The Court determines that an appropriate sanction is a fine in the amount of $500.00, payable to the Court for deposit in the nonappropriated fund of the Court. The fine shall be paid from Mr. Brown's personal funds.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Attorney Vincent J. Brown shall personally pay a sanction of $500.00 for his failures to appear in this action. The sanction shall be paid from Mr. Brown's personal funds no later than **December 7, 2015** through a check payable to the "Clerk, U.S. District Court." The case number of this action and the word "Sanction" shall be noted on the check.

2. A telephonic Status Conference, with all parties, shall be held on **November 23, 2013** at **9:30 a.m.** before Judge Bartick. <u>The Court orders Defendant Jacob Keith Cooper to appear by telephone at the conference</u>. Defendant Cooper is advised that if he believes Mr. Brown will be unavailable to participate in the conference, he has the option to have another attorney appear at the status conference on his behalf. The parties shall use the Court's conferencing system:

|  |  |
|---|---|
| Conference number: | (888) 684-8852 |
| Access code: | 2236596 |
| Participant security code: | 0226 |

3. The Clerk of Court is directed to serve a copy of this order on Defendant Jacob Keith Cooper at the following address:

> Jacob Keith Cooper
> 370 E. Silver Hawk Ct.
> Washington UT, 84780

IT IS SO ORDERED.

Dated: November 6, 2015

Hon. David H. Bartick
United States Magistrate Judge