DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
KENYON HARBISON (BAR NO. 260416)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax:  (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        kharbison@allenmatkins.com

Attorneys for Receiver
KRISTEN A. JANULEWICZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC.; et al.,<br><br>Defendants. | Case No. 15-cv-226 BAS (DHB)<br><br>NO HEARING REQUIRED<br><br>JOINT MOTION OF PLAINTIFF, SECURITIES AND EXCHANGE COMMISSION, RECEIVER, KRISTEN A. JANULEWICZ, NON-PARTY STRATEGIC FUNDING, INC., AND DEFENDANT, JACOB COOPER, TO RELEASE FUNDS HELD IN TRUST<br><br>[Proposed Order submitted concurrently herewith]<br><br>Judge:  Hon. Cynthia Bashant |

## JOINT MOTION

This Joint Motion is made by and between Kristen A. Janulewicz (the "Receiver"), the Court-appointed permanent receiver for Total Wealth Management, Inc., and its subsidiaries and affiliates, including, but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities" or "Entities" or in the singular, "Entity") and non-Party Strategic Funding, Inc. ("Strategic"), with the concurrence of the Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Jacob Cooper, by and through their counsel of record

15-cv-226 BAS (DHB)

1031451.04/LA

or non-party counsel, and who hereby jointly request the relief specified below ("Joint Motion"), with reference to the following facts:

      A.    On February 4, 2015, this Court entered its Stipulation and Temporary Restraining Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; (5) Appointing a Temporary Receiver, and Order to Show Cause re Preliminary Injunction and Appointment of Permanent Receiver (the "TRO").

      B.    On February 12, 2015, this Court entered its (1) Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders; and (2) Order Vacating Hearing on Preliminary Injunction (the "PI") (the TRO and PI are referred to herein collectively as the Court's "Appointment Orders").

      C.    Among other things, the Court's Appointment Orders appointed the Receiver, initially as a temporary receiver for the Receivership Entities, and later as the permanent receiver for the Entities.

      D.    The Court's Appointment Orders additionally empowered the Receiver to take necessary and appropriate action to assume authority and control over, preserve, and prevent the dissipation, concealment, or disposition of Entity assets, and to make agreements as necessary to discharge her duties as the Receiver.

      E.    As addressed in the Receiver's First Interim Report and Petition for Further Instructions ("First Interim Report") (Docket No. 43), millions of dollars in investor funds were invested in Metropolitan Coffee and Concession Company, LLC ("Metro Coffee") by the Receivership Entities.  Metro Coffee operated Peet's Coffee stores in Bay Area Rapid Transit District ("BART") stations in San Francisco, California.  The Receiver was appointed in the midst of Metro Coffee's Chapter 11 bankruptcy case, which remains pending (now as a Chapter 7 bankruptcy case) in the United States Bankruptcy Court for the Northern District of

California (the "Bankruptcy Court")[1], and during Metro Coffee's efforts to liquidate bankruptcy estate property.

      F.     In an effort to protect against further losses in connection with the Metro Coffee investment, the Receiver worked with the Bankruptcy Court-designated Responsible Person for Metro Coffee to negotiate the sale of Metro Coffee's assets (along with the necessary BART permits, held by Aegis Holding Company, Inc., Metro Coffee's parent).  The sale was concluded in May 2015 and $260,000 in surplus proceeds from the sale (the "Metro Coffee Funds") were transferred to the Receiver, by agreement with Strategic, to be held in trust pending a further determination of each party's rights in and to the Metro Coffee Funds.

      G.     Strategic, a putative creditor of Metro Coffee and Aegis Holding, claims a security interest in the Metro Coffee Funds equal to or superior to that of the Receiver.

      H.     The Receiver has reviewed all materials provided by Strategic in support of its security interest claim and has concluded that Strategic's claim to a security interest in the Metro Coffee funds equal to or superior to the Receiver's has or may have merit.

      I.     Strategic and its counsel have reviewed the Receiver's claim that the Receiver has an equal or superior interest in the Metro Coffee Funds by virtue, *inter alia*, of the equitable fact that such funds presently exist for disposition due to the actions of the Receiver, and have determined that the Receiver's claim has or may have merit.

      J.     The Receiver and Strategic now desire to fully compromise and resolve their competing claims relating to the Metro Coffee Funds, and to avoid the expense and uncertainty of litigation, by entering into this Joint Motion.

---

[1] In re Metropolitan Coffee and Concession Company, LLC, USBC, N.D. Cal. Case No. 14-44242.

1031451.04/LA       -3-      Case No. 15-cv-226 BAS (DHB)

K. Accordingly, the Receiver and Strategic, with the concurrence of the Commission and Defendant Cooper, have determined to divide the $260,000 in Metro Coffee Funds, with Strategic receiving $180,000, and with the Receiver retaining $80,000.

L. Upon the entry of an Order from this Court granting the instant Joint Motion, and without further Order, Strategic will release any and all claims it has or may have against the Metro Coffee Funds, save claims for the payment of the $180,000 addressed herein. Likewise, upon entry of an Order from this Court granting the instant Joint Motion, the Receiver will release any and all claims the Receivership Entities have or may have against Strategic relating to the $180,000 portion of the Metro Coffee Funds that will be released pursuant to the Joint Motion.

## RELIEF REQUESTED

As a consequence of the above-described facts, the Receiver and Strategic, with the concurrence of the Commission and Defendant Cooper, jointly move this Court for an Order:

1. Authorizing the Receiver to release $180,000 of the Metro Coffee Funds to Strategic;

2. Authorizing the Receiver to retain the remaining $80,000 of the Metro Coffee Funds for the benefit of the Receivership Entities.

3. Authorizing Strategic, the Receiver, and the Receivership Entities to release claims against each other relating to the Metro Coffee Funds.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

THE SIGNATORIES BELOW CERTIFY THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS JOINT MOTION, AND THAT EACH HAS AUTHORIZED THE USE OF AN ELECTRONIC SIGNATURE ON THIS JOINT MOTION.

Dated: December __, 2015

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
KENYON HARBISON

By:  /s/   Joshua A. del Castillo
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
KRISTEN A. JANULEWICZ

Dated: December __, 2015

VLP Law Group LLP
MARK D. TAYLOR

By:  /s/   Mark D. Taylor
MARK D. TAYLOR
Attorneys for Non-Party
STRATEGIC FUNDING, INC.

Dated: December __, 2015

SECURITIES AND EXCHANGE
  COMMISSION
JOHN B. BULGOZDY
DAVID J. VANHAVERMAAT
CAROL LALLY

By:  /s/   John B. Bulgozdy
JOHN B. BULGOZDY
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION

Dated: December 16, 2015

JACOB COOPER

By: [signature]
Defendant
JACOB COOPER

Case No. 15-cv-226 BAS (DHB)

1031451.04/LA

**THE SIGNATORIES BELOW CERTIFY THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS JOINT MOTION, AND THAT EACH HAS AUTHORIZED THE USE OF AN ELECTRONIC SIGNATURE ON THIS JOINT MOTION.**

Dated:  December 17, 2015

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
KENYON HARBISON

By: _____/s/     *Joshua A. del Castillo*_____
      JOSHUA A. DEL CASTILLO
      Attorneys for Receiver
      KRISTEN A. JANULEWICZ

Dated:  December 17, 2015

VLP Law Group LLP
MARK D. TAYLOR

By: _____/s/     *Mark D. Taylor*_____
      MARK D. TAYLOR
      Attorneys for Non-Party
      STRATEGIC FUNDING, INC.

Dated:  December 17, 2015

SECURITIES AND EXCHANGE
  COMMISSION
JOHN B. BULGOZDY
DAVID J. VANHAVERMAAT
CAROL LALLY

By: _____/s/     *John B. Bulgozdy*_____
      JOHN B. BULGOZDY
      Attorneys for Plaintiff
      SECURITIES AND EXCHANGE
      COMMISSION

Dated:  December __, 2015

JACOB COOPER

By: _____
      Defendant
      JACOB COOPER

LAW OFFICES
atkins Leck Gamble

# PROOF OF SERVICE

*Securities and Exchange Commission v. Total Wealth Management, Inc., et al.*
USDC, Southern District of California – Case No. 15-cv-226 BAS (DHB)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3398.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**JOINT MOTION OF PLAINTIFF, SECURITIES AND EXCHANGE COMMISSION, RECEIVER, KRISTEN A. JANULEWICZ, NON-PARTY STRATEGIC FUNDING, INC., AND DEFENDANT, JACOB COOPER, TO RELEASE FUNDS HELD IN TRUST**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **December 17, 2015**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Vincent J. Brown**
  vince@vjblaw.com,vjblaw@gmail.com
- **John Bulgozdy**
  bulgozdyj@sec.gov,larofiling@sec.gov,berryj@sec.gov, irwinma@sec.gov
- **Christina Lenore Geraci**
  christina@geracilawfirm.com,maria.castro@geracilawfirm.com,jenny.park@geracilawfirm.com
- **Geraci Law Firm**
  christina@geracilawfirm.com
- **Gary Y. Leung, Jr**
  leungg@sec.gov,larofiling@sec.gov,himesm@sec.gov,berryj@sec.gov
- **David J. Van Havermaat**
  vanhavermaatd@sec.gov,larofiling@sec.gov,irwinma@sec.gov
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com

1009060.21/LA

- 1 -

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On __December 17, 2015__, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mikel R. Bistrow, Esq.<br>Ballard Spahr LLP<br>655 W. Broadway, Suite 1600<br>San Diego, CA 92101 | Via U.S. First Class Mail |
| Richard M. Kipperman<br>PO Box 3010<br>La Mesa, CA 91944-3010 | Via U.S. First Class Mail |

    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **December 17, 2015** at Los Angeles, California.

                                                   */s/ Martha Diaz*
                                                    Martha Diaz