DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
KENYON HARBISON (BAR NO. 260416)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Receiver
KRISTEN A. JANULEWICZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC.; et al.,<br><br>Defendants. | Case No. 15-cv-226 BAS (DHB)<br><br>NO HEARING REQUIRED UNLESS REQUESTED BY COURT<br><br>RECEIVER'S OPPOSITION TO MOTION OF DEFENDANT, JACOB COOPER, FOR LEAVE TO FILE UNDER SEAL DOCUMENTATION REGARDING THE SOURCE OF FUNDS FOR RETENTION OF COUNSEL<br><br>Ctrm:  4B<br>Judge:  Hon. Cynthia Bashant |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** Kristen A. Janulewicz (the "Receiver"), the Court-appointed permanent receiver for Defendant Total Wealth Management, Inc. and its subsidiaries and affiliates, including, but not limited to Altus Capital Management, LLC (collectively, the "Receivership Entities" or "Entities"), hereby opposes the Motion for Leave to File Under Seal Documentation Regarding the Source of Funds for Retention of Counsel (the "Motion") of Defendant Jacob Cooper, as follows:

Case No.  15-cv-226 BAS (DHB)

1034404.02/LA

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT.

The Receiver objects to the Motion as an effort to conceal information regarding the source and nature of funding for Defendant Cooper ("Mr. Cooper") proposed new counsel, Durham Jones & Pinegar, P.C. ("Durham Jones").

At a January 13, 2016 status conference in this matter before Magistrate Judge Bartick, Mr. Cooper, through Durham Jones, requested authority to submit documentation regarding the nature and source of the funds that he proposes to use to pay Durham Jones' attorneys' fees on an "*ex parte*" basis.  From the statements made at the status conference, it was clear that Mr. Cooper's intent at the time was to prevent the Plaintiff Securities and Exchange Commission (the "Commission") and the Receiver from reviewing documentation as to the source and nature of funding for his attorneys' fees.  The Commission and the Receiver advised Magistrate Judge Bartick of their respective objections and concerns, and each argued that the facts of this case militated in favor of allowing all parties to review any documentation submitted.

The relief requested in Mr. Cooper's Motion suggests that his position has changed[1], given that it is characterized as an application not to submit documents on an *ex parte* or *in camera* basis, but rather to submit them under seal, apparently for the purpose of protecting the individual source and nature of the funds from "public disclosure[.]"  This request differs substantially from Mr. Cooper's initial suggestion that the Commission and the Receiver should be barred from any review of the submitted documents.

**While the Receiver may be amenable to a process that protects sensitive information from disclosure to the public at large, she strenuously opposes any request for relief that contemplates barring her from reviewing the submitted**

---

[1] While Mr. Cooper's position may have changed, the Motion appears to run afoul of the Court's Civil Local Rules and Standing Order for Civil Cases, as addressed briefly below.  Likewise, the Motion was not filed in accordance with the Court's requirements for noticing and calendaring civil motions.

Case No.  15-cv-226 BAS (DHB)

**documents and drawing her own conclusions regarding the source and nature of the funds to be used to compensate Durham Jones in connection with Mr. Cooper's legal defense.**

The Court's order appointing the Receiver (the "Appointment Order") specifically charged the Receiver with identifying, securing, and marshaling the available assets of the Receivership Entities ("Receivership Assets"), meaning the Receiver has a Court-imposed obligation to guard against the inappropriate expenditure or dissipation of Receivership Assets, including for Mr. Cooper's defense. Indeed, the Receiver submits that any request by Mr. Cooper that would impose an obligation upon this Court, rather than the Receiver, to conduct a limited forensic accounting or "tracing" of funds should be denied, on the grounds that it is an improper use of limited judicial resources to conduct an accounting or "vetting" of funds that may already be the subject of the Receiver's investigation and accounting.

The Receiver therefore respectfully submits that the Motion should be denied. In the alternative, and in the event that the Court elects to grant the Motion, the Receiver requests that the Court require Mr. Cooper and Durham Jones to make complete and unredacted copies of all submitted documents available to the Receiver.

## II. ARGUMENT.

### A. Mr. Cooper's Cited Authority Affirmatively Supports Transparency.

As noted above, the Motion is predicated almost entirely upon Mr. Cooper's apparent desire to protect from public disclosure the source and nature of the funds he proposes to use to fund his legal defense. (See, e.g., Motion at 2:25-26; 3:2-13.) The Motion cites Dynetix Design Solutions., Inc. v. Synopsys, Inc., 2013 U.S. Dist. LEXIS 73436 (N.D. Cal. May 23, 2013), for the proposition that because the individual source of the funds Mr. Cooper proposes to use (along with his or her

financial information) is "entirely unrelated to these proceedings[,]" they should not be made public.  However, in <u>Dynetix</u>, the court reaffirmed that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  <u>Id.</u> at *2 (quoting <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006)).  Accordingly, when considering a request to seal documents, "a strong presumption *in favor of access* is the starting point."  <u>Id.</u> (emphasis added).

In the case of non-dispositive motions, as here, parties moving to seal documents must establish good cause for their request, which requires a "particularized showing" that "specific prejudice or harm will result" if the information at issue is disclosed.  <u>Id.</u> at *2-3.  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice.  <u>Id.</u>

The Motion does not supply the required particularized showing that specific prejudice or harm will result from the disclosure of documents relating to the source and nature the funds Mr. Cooper proposes to use for his defense.  Instead, it includes only the unsupported legal conclusion that the source of the funds and his or her financial information are "entirely unrelated" to this matter.  This conclusory allegation or opinion, unsupported by any specific evidence, cannot satisfy Mr. Cooper's requirement to make a particularized showing of specific prejudice or harm.

Moreover, the Receiver has an independent obligation to determine the relationship between the source and nature of these funds and the Receivership Entities on her own, in accordance with the terms of the Appointment Order.  Accordingly, the Receiver requests that, to the extent this Court were to grant the Motion, it require Mr. Cooper and Durham Jones to make complete and unredacted copies of all submitted documents available to the Receiver.

### B.     The Motion Does Not Comply With The Court's Local Rules Or Standing Order.

As a preliminary matter, Civil Local Rule 79.2 requires a party seeking leave to file documents under seal to lodge the subject documents with the Court. Nothing in the Motion indicates that Mr. Cooper has done so.

More importantly, and consistent with the Ninth Circuit's requirement that a party seeking to file documents under seal provide a compelling justification (see, e.g., Kamakana, 447 F.3d at 1172), this Court's Standing Order for Civil Cases (the "Standing Order") specifically reaffirms the presumptive right of public access to court records (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1989)) and *requires* that parties provide the Court with both a specific description of the particular documents or categories of documents that require protection, *and* declarations establishing good cause to protect those documents from disclosure. See Standing Order at ¶ 5 ("Parties seeking a sealing order *must provide the Court with: (1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing good cause to protect those documents from disclosure.") (emphasis added).

In addition, the Standing Order further identifies the sorts of information that courts regularly agree to seal, including communications subject to the attorney-client privilege, medical and psychiatric records, federal and grand jury secrecy provisions, and confidential settlement agreements.  Notably, financial information is not identified as a category of information routinely meriting protection in the Standing Order.

As noted above, Mr. Cooper justifies his request to seal documents identifying the source and nature of the funds he proposes to expend on his legal defense on the grounds that they are unrelated to this action and the receivership. Yet he provides no support for this contention, in contravention of established Ninth Circuit precedent and this Court's Standing Order, and essentially requests that the

Case No.  15-cv-226 BAS (DHB)

Court accept his representation at face value. This request is dubious, especially when paired with his initial, January 13, 2016 proposal to exclude the Commission and the Receiver from any review of these documents. The Receiver therefore requests that, to the extent this Court grants the Motion, it specifically require Mr. Cooper and Durham Jones to make complete and unredacted copies of all submitted materials available for the Receiver's review.

### C. The Receiver Must Satisfy Her Obligations Under The Appointment Order.

Article XI of the Appointment Order directs the Receiver to "conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates" and to "to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates[.]" As reflected in the Receiver's previously submitted reports to this Court, she has already confirmed that Mr. Cooper used funds raised from Receivership Entity investors for his legal defense and to pay a contemplated settlement with the Commission in connection with a related administrative proceeding

In order to satisfy her investigatory and asset preservation obligations under the Appointment Order, the Receiver must therefore be allowed to review any and all documents submitted by Mr. Cooper in support of his contention that the source and nature of the funds he proposes to use for his legal defense are unrelated to this matter. Moreover, the Receiver submits that any suggestion by Mr. Cooper that the Court – rather than the Receiver – should undertake a review and analysis of these materials reflects an improper use of limited judicial resources, particularly where the Court has already appointed a receiver to deal with these very sorts of examinations.

Case No. 15-cv-226 BAS (DHB)

### III. CONCLUSION.

For the foregoing reasons, the Receiver respectfully requests that the Court deny Mr. Cooper's Motion. In the alternative, and to the extent that the Court elects to grant the Motion, the Receiver requests that the Court specifically require Mr. Cooper and Durham Jones to make complete and unredacted copies of all submitted materials available for the Receiver's review.

Dated: January 27, 2016

ALLEN MATKINS LECK GAMBLE
 MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
KENYON HARBISON

By:   */s/   Joshua A. del Castillo*
       JOSHUA A. DEL CASTILLO
       Attorneys for Receiver
       KRISTEN A. JANULEWICZ

**PROOF OF SERVICE**

*Securities and Exchange Commission v. Total Wealth Management, Inc., et al.*
USDC, Southern District of California – Case No. 15-cv-226 BAS (DHB)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3398.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**RECEIVER'S OPPOSITION TO MOTION OF DEFENDANT, JACOB COOPER, FOR LEAVE TO FILE UNDER SEAL DOCUMENTATION REGARDING THE SOURCE OF FUNDS FOR RETENTION OF COUNSEL**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **January 27, 2016**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Vincent J. Brown**
  vince@vjblaw.com,vjblaw@gmail.com
- **John Bulgozdy**
  bulgozdyj@sec.gov,larofiling@sec.gov,berryj@sec.gov, irwinma@sec.gov
- **Christina Lenore Geraci**
  christina@geracilawfirm.com,maria.castro@geracilawfirm.com,jenny.park@geracilawfirm.com
- **Geraci Law Firm**
  christina@geracilawfirm.com
- **Gary Y. Leung, Jr**
  leungg@sec.gov,larofiling@sec.gov,himesm@sec.gov,berryj@sec.gov
- **Jessica Georgia Peterson**
  jpeterson@djplaw.com,khughes@djplaw.com
- **David J. Van Havermaat**
  vanhavermaatd@sec.gov,larofiling@sec.gov,irwinma@sec.gov
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com

1009060.22/LA

- 1 -

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On **January 27, 2016**, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mikel R. Bistrow, Esq.<br>Ballard Spahr LLP<br>655 W. Broadway, Suite 1600<br>San Diego, CA 92101 | **Via U.S. First Class Mail** |
| Richard M. Kipperman<br>PO Box 3010<br>La Mesa, CA 91944-3010 | **Via U.S. First Class Mail** |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **January 27, 2016** at Los Angeles, California.

_____
Martha Diaz

1009060.22/LA

- 2 -