UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  15cv226-BAS (DHB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 66]** |

　　On January 13, 2016, the Court held a Status Conference in this case to discuss the status of Defendant's counsel.  At the Conference, Defendant's new counsel indicated Defendant anticipated asking the Court to make a determination whether the source of funds used to retain new counsel are untainted and not subject to clawback or seizure by the Receiver.  Defendant's counsel requested permission to submit the motion and supporting documentation on an *ex parte* basis, to prevent Plaintiff and the Receiver from reviewing the information.  Plaintiff and the Receiver objected to the request, and the Court directed the parties to brief the issue of whether it would be appropriate for Defendant to proceed on an *ex parte* basis. (ECF No. 65.)

/ / /

On January 20, 2016, Defendant filed a motion for Leave to File Under Seal Documentation Regarding the Source of Funds for Retention of Counsel. (ECF No. 66.) Upon review of the motion, it appears Defendant has abandoned the request made at the Status Conference, and concedes the motion should not be filed *ex parte*. Instead, Defendant now requests the Court allow him to file the motion and supporting documentation under seal so that the information is protected from public disclosure.

However, Defendant has not followed the Court's procedures for submitting filings under seal. The Court's Electronic Case Filing Administrative Policies and Procedures Manual sets forth detailed instructions, which require all proposed sealed documents to be lodged electronically for the Court's consideration in determining whether sealing is appropriate. *See* Southern District of California ECF Administrative Policies and Procedures Manual §2(j). Therefore, IT HEREBY ORDERED that Defendant's motion to seal is **DENIED without prejudice**.

If Defendant elects to file a motion regarding the source of funds for retention of counsel, and wishes to seal any portion of the motion or supporting documentation, Defendant is advised that he must comply with the Court's ECF Administrative Policies and Procedures Manual, as well as Judge Bashant's Standing Order for Civil Cases.[1] Further, Defendant must serve complete, unredacted copies of all submitted documents on Plaintiff and the Receiver.

IT IS FURTHER ORDERED that a Status Conference shall be held on **March 30, 2016** at **9:30 a.m.** before Judge Bartick. The parties shall use the Court's conferencing system:

///

---

[1] Judge Bashant's Standing Order requires parties seeking a sealing order to "provide the Court with: (1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing good cause to protect those documents from disclosure." Honorable Cynthia Bashant Standing Order for Civil Cases § 5. Both the ECF Administrative Policies and Procedures Manual and Judge Bashant's Standing Order are available on the Court's website at https://www.casd.uscourts.gov.

|   |   |
|---|---|
| Conference number: | (888) 684-8852 |
| Access code: | 2236596 |
| Participant security code: | 0226 |

The Clerk of Court is directed to serve a copy of this order on Defendant Jacob Keith Cooper at the following address:

> Jacob Keith Cooper
> 370 E. Silver Hawk Ct.
> Washington UT, 84780

IT IS SO ORDERED.

Dated: January 29, 2016

Hon. David H. Bartick
United States Magistrate Judge