# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br><br>   v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>                  Defendants. | Case No. 15-cv-226-BAS-DHB<br><br>**ORDER GRANTING JOINT MOTION TO RELEASE FUNDS HELD IN TRUST** |

Presently before the Court is a joint motion to release funds held in trust submitted by Kristen A. Janulewicz (the "Receiver") and non-party Strategic Funding, Inc. ("Strategic"), with the concurrence of Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Jacob Cooper. (ECF No. 61.) The funds at issue are $260,000 in surplus proceeds realized from the sale of Metropolitan Coffee and Concession Company, LLC ("Metro Coffee") assets, a sale negotiated by the Receiver and Metro Coffee's bankruptcy court-designated responsible person. (*Id*. ¶ F.) The Receiver claims an interest in the Metro Coffee funds for the benefit of the receivership entities, while Strategic claims an interest in the Metro Coffee funds by virtue of its status as a putative creditor of Metro Coffee and Metro Coffee's

– 1 –

parent, Aegis Holding Company, Inc. Both the Receiver and Strategic recognize that their respective, competing claims to the Metro Coffee funds have or may have merit, and they submit this joint motion to resolve those claims. Specifically, the Receiver and Strategic have determined to divide the $260,000 in Metro Coffee funds, with Strategic receiving $180,000 and the Receiver retaining $80,000. (*Id*. at ¶ K.) Upon release and distribution of the funds, the Receiver and Strategic each agree to release any and all claims relating to the portion of Metro Coffee funds released to the other. (*Id*. at ¶ L.)

Having reviewed the motion, and under its discretionary power to supervise the receivership, the Court **GRANTS** the joint motion. *See Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) ("[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad."). Accordingly, the Court **ORDERS** as follows:

1. The Receiver is AUTHORIZED to release from trust the $260,000 in Metro Coffee funds realized due to the sale of Metro Coffee assets and associated permits held by Metro Coffee's parent, Aegis Holding Company, Inc.;
2. The Receiver is AUTHORIZED to release $180,000 of the Metro Coffee funds to Strategic;
3. The Receiver is authorized to release $80,000 of the Metro Coffee funds to herself, as Receiver, for the benefit of the receivership entities, Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC (the "Receivership Entities");
4. Any and all claims Strategic has or may have against the Metro Coffee funds, save claims for the payment of the $180,000 of the Metro Coffee funds addressed by this order, are hereby fully RELEASED;
5. Any and all claims the Receiver, Receivership Entities or their estate have or may have against Strategic relating to the $180,000 portion of the Metro

Coffee funds are hereby fully RELEASED.

**IT IS SO ORDERED.**

**DATED: February 23, 2016**

Hon. Cynthia Bashant
United States District Judge