# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>                    Defendants. | Case No. 15-cv-226-BAS-DHB<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR AUTHORITY TO PURSUE CLAIMS** |

This matter comes before the Court on Kristen A. Janulewicz's (the "Receiver") motion to pursue claims against Private Placement Capital Notes II, LLC ("PPCN") and Anthony Hartman, the beneficial owner and sole principal of PPCN. (ECF No. 57 (Mot. to Pursue Claims).) Janulewicz is the Court-appointed permanent receiver for Defendant Total Wealth Management, Inc. and its subsidiaries and affiliates, including, but not limited to, Altus Capital Management, LLC (collectively, the "Receivership Entities").

In the course of her ongoing analysis of the business and financial activities of the Receivership Entities, including an investigation into the nature, location, and amount of recoverable receivership assets, the Receiver has determined that it is in

– 1 –

the best interests of the Receivership Entities to prosecute an action against PPCN and Hartman. *Id*. The Receiver believes that PPCN and Hartman induced the Altus Funds to invest over $24 million in PPCN on the basis of material misrepresentations regarding the nature of PPCN's business plan and practices; PPCN's holdings and underlying investments; the source of returns on investment PPCN would pay out; and the nature and amount of returns on investment that the Altus Funds would be paid. (*Id*. at 2:18–23.) The Receiver requests authorization to prosecute claims against PPCN and Hartman for Fraud, Breach of Contract, Unjust Enrichment, Declaratory Relief, and Fraudulent Transfer. (*Id*. at 3:16–20.)

A district court enjoys "broad powers and wide discretion" in the course of supervising and administering an equity receivership. *Sec. & Exch. Comm'n v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (quoting *Sec. & Exch. Comm'n v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978)). As part of these broad powers, the court may institute reasonable procedures to carry out the "orderly and efficient administration of the receivership for the benefit of creditors." *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) (quoting *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037–38 (9th Cir. 1986)).

Here, the Receiver has completed a thorough review of bank records, PPCN financial statements, agreements and other documents, including PPCN promissory notes and emails between the Receivership Entities, PPCN, and Hartman. (Mot. to Pursue Claims at 4:25–5:4.) Among other things, she has uncovered a glaring and as yet unexplained discrepancy between interest paid to the Altus Funds and the total interest accrued on these investments. (*Id*. at 5:7–18.) She also has submitted to PPCN a redemption request related to the Altus Funds' investment for approximately $16 million in matured notes and has received no acknowledgment of the request from PPCN, let alone any actual payment. (*Id*. at 3:12–15.) Finally, there are indications that a substantial portion of the interest payments that PPCN has made to

the Altus Funds have been made through a Ponzi-like scheme. (*Id*. at 3:9–12.) Viewing the evidence in its totality, the Court is convinced by this well-documented investigation that granting permission to the Receiver to prosecute claims against PPCN and Hartman is appropriate and presents an opportunity for recovery of substantial receivership assets in the form of Altus Funds invested in PPCN. Therefore, under its broad powers to administer and supervise the receivership, the Court **GRANTS** the Receiver's motion to pursue claims against PPCN and Anthony Hartman. The Receiver is AUTHORIZED to file her proposed complaint (ECF No. 57, Attach. 2) in accordance with the applicable Federal Rules of Civil Procedure and Local Civil Rules.

**IT IS SO ORDERED.**

**DATED: February 23, 2016**

Hon. Cynthia Bashant
United States District Judge