# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>                  Defendants. | Case No. 15-cv-226-BAS-DHB<br><br>**ORDER GRANTING FIRST INTERIM APPLICATIONS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES** |

Pending before the Court in this Securities and Exchange Commission ("SEC") enforcement action are the first interim applications for fees and expenses of (1) Kristen A. Janulewicz (the "Receiver"), the Court-appointed permanent receiver for Defendant Total Wealth Management Inc. and its subsidiaries and affiliates (the "Receivership Entities") and (2) the Receiver's counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"). (ECF No. 51.) The applications cover the period February 4, 2015 through June 30, 2015 (the "Application Period") and seek interim approval of $195,832.90 in fees incurred by the Receiver and $252,037.35 and $17,081.93 in fees and costs respectively incurred by Allen Matkins. *Id.* The SEC has reviewed the fee applications and supports the

– 1 –

request for interim payment in the amounts requested. (ECF No. 54.)

I. DISCUSSION

A. Legal Standard

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Byers*, 590 F.Supp.2d 637, 644 (S.D.N.Y. 2008). This entitlement to reasonable compensation extends to the professionals employed by the receiver. *See Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). The amount of compensation to be awarded is firmly within the discretion of the district court, and generally is a charge upon the property or funds in receivership. *Gaskill v. Gordon*, 27 F.3d 248, 251, 253 (7th Cir. 1994). In determining the reasonableness of fees and costs requested, the court considers the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefits to the receivership estate. *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F.Supp. 1220, 1222 (S.D.N.Y. 1973). The receiver bears the burden to demonstrate to the court entitlement to payment of fees and costs in the amount requested. *See* 65 Am. Jur. 2d, *Receivers* § 228 (2d ed. Feb. 2016 update). Finally, in a securities receivership, "[o]pposition or acquiescence by the SEC to the fee application will be given great weight." *Fifth Ave. Coach Lines*, 364 F.Supp. at 1222.

B. Receiver's Request for Fees

The Receiver's request for $195,832.90 in fees incurred during the Application Period includes the fees of associated professionals who have worked with her on behalf of the Receivership Entities. During the Application Period, the Receiver and her staff worked a total of 1,014.6 hours on behalf of the Receivership Entities, including tasks such as document review, financial analysis and forensic accounting, communication and interviews with investors and witnesses, the takeover of property on behalf of the receivership entities, and meeting and coordinating actions with the SEC. (ECF No. 51, Attach. 3.) The average hourly rate ranged from $65 for

administrative tasks to $321 for financial analysis, with a weighted average rate of $193 per hour. (ECF No. 51, Attach. 7.) The Receiver herself worked at an hourly rate of $270. (ECF No. 51, Attach. 5.) All travel time was charged at half the hourly rate or written off entirely. *Id.*

The Court finds the Receiver's request for $195,832.90 in fees incurred during the Application Period to be reasonable. All fees are meticulously documented and presented in such a way that the Court could clearly evaluate the tasks performed, hours expended, the hourly rate for each task, and the total fees incurred in each category. (ECF No. 51, Attach. 5–7.) The Receiver's hourly rate of $270, and the weighted average rate of $193 per hour, are eminently reasonable. The Receiver has made substantial progress in identifying and recovering receivership assets, including the recovery of approximately $3.2 million. (ECF No. 51, Attach. 3, 8:1–24.) In light of the complexity of the matter and the need for immediate action to prevent the dissipation of assets, the number of hours expended during the Application Period is reasonable. In addition, the SEC's stated support for the Receiver's request weighs in favor of finding the fee application reasonable. Accordingly, the Court approves, on an interim basis, the Receiver's request for $195,832.90 in fees incurred during the Application Period, and authorizes the payment, on an interim basis, of 90% of the fees incurred, in the amount of $176,249.61.

**C. Allen Matkins' Request for Fees and Expenses**

During the Application Period, Allen Matkins spent a total of 566.5 hours working on behalf of the Receivership Entities, at a weighted average rate of $444.90 per hour, for fees totaling $252,037.35. (ECF No. 51, Attach. 9, 1:10–13.) In addition, Allen Matkins incurred $17,081.93 in expenses. (*Id.*) The firm performed a wide range of tasks assisting the Receiver during the Application Period, including drafting and submitting briefing papers, preparing the Receiver's Initial Report and Recommendations and Petition for Further Instructions, investigating the complicated web of companies in which Defendants invested through participation

in various funds, and reviewing the extent of the Receivership Entities' interest in Metropolitan Coffee and Concession Company, LLC ("Metro Coffee") and negotiating the terms of Metro Coffee's sale and the turnover of $260,000 in surplus proceeds to the Receiver. (ECF No. 51, Attach. 9.) These efforts resulted in tangible benefits to Defendants' clients, including recovery of approximately $3.2 million in receivership assets as described above.

The Court finds Allen Matkins' request for fees and costs to be reasonable. Allen Matkins is a well-known firm with extensive experience in federal receiverships, and the firm's billing rates are comparable to the usual fees for similarly complex services in the community. The detailed time records submitted indicate that the firm staffed the tasks performed appropriately and efficiently based on the expertise required. (ECF No. 51, Attach. 9–13.) The amount requested in fees also reflects Allen Matkins' agreement to discount its ordinary billing rates on this matter by 10%, and to not bill travel time in connection with this matter. (ECF No. 21, 9:9–17.) As explained above, the firm's efforts have substantially benefited the Receivership Entities in the form of recovered assets. And finally, as in the case of the Receiver's fee application, the Court ascribes great weight to the SEC's support of Allen Matkins' request for fees and reimbursement of expenses as reasonable. (ECF No. 54.) Accordingly, the Court approves, on an interim basis, Allen Matkins' request for $252,037.35 in fees incurred during the Application Period, and authorizes the payment, on an interim basis, of 80% of the fees incurred, in the amount of $201,629.88. In addition, the firm's request for reimbursement of expenses in the amount of $17,081.93 is approved as reasonable.

## II. CONCLUSION & ORDER

For the reasons set forth above, the Court **GRANTS**, on an interim basis, the applications for fees and reimbursement of expenses for the period February 4, 2015 through June 30, 2015 as follows:

1. The Court APPROVES the Receiver's fees, in the amount of $195,832.90;

– 4 –

2. The Court AUTHORIZES the Receiver to pay herself 90% of approved fees, or $176,249.61, from the assets of the Receivership Entities, on an interim basis;

3. The Court APPROVES Allen Matkins' fees, in the amount of $252,037.35;

4. The Court AUTHORIZES and DIRECTS the Receiver to pay Allen Matkins 80% of approved fees, or $201,629.88, from the assets of the Receivership Entities, on an interim basis;

5. The Court APPROVES Allen Matkins' request for reimbursement of costs, totaling $17,081.93, and AUTHORIZES and DIRECTS the Receiver to reimburse Allen Matkins for such costs in full.

**IT IS SO ORDERED.**

**DATED: February 24, 2016**

Hon. Cynthia Bashant
United States District Judge