Jessica G. Peterson, CA Bar No. 282743
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
Facsimile:   (801) 415-3500
Email:  jpeterson@djplaw.com

Attorney for JACOB KEITH COOPER

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>Defendant. | Case No. 15cv226-BAS (DHB)<br><br>**DEFENDANT COOPER'S RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTATION REGARDING THE SOURCE OF FUNDS FOR RETENTION OF COUNSEL**<br><br>Date: n/a<br>Time: n/a<br>Judge: Hon. Cynthia Bashant<br>Place: n/a<br><br>Magistrate David H. Bartick |

Pursuant to Federal Rule of Civil Procedure 26(c), CivLR 79.2(c), the Court's recent Order setting a briefing schedule (Dkt. 65) and the Court's Order Denying (without prejudice) Defendant's Motion for Leave to File Documents Under Seal (Dkt. 69), Defendant Jacob Cooper ("Cooper"), by and through his counsel of record, hereby renews the previous motion and request entry of an Order allowing Cooper to file under seal documentation regarding the source of funds used to retain counsel and to file under seal the corresponding motion for a determination of whether such funds are untainted and not subject to clawback or seizure by Kristen A. Janulewicz, the Receiver appointed by the Court (the "Motion"). Specifically, Cooper requests entry of an order sealing the

following documents, which have been lodged with the Court pursuant to this Court's Electronic Case Filing Administrative Policies and Procedures Manual, Rule 2.j.:

    (1)    Defendant Cooper's Motion for Determination Assets Are Untainted by Alleged Fraud ("Sealed Motion"), including the attached exhibits ("Exhibits"); and

    (2)    Declaration of Michael Cooper in Support of Motion for Determination Assets Are Untainted by Alleged Fraud ("Declaration").

The Motion should be granted because the Sealed Motion, Exhibits and Declaration identify the individual funding Cooper's defense and his/her personal financial information in unredacted form, which information also demonstrates the funds are not related to or tainted by the alleged fraud. Because the evidence will show the individual and his/her money is not related to these proceedings, this person's personal financial information should be protected from public disclosure by sealing the Sealed Motion, Exhibits and Declaration.[1]

## I. FEE INFORMATION IS GENERALLY NOT PRIVILEGED

Cooper acknowledges that fee information is generally not privileged. *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990). An exception exists when the "fee arrangements are inextricably linked to privileged communications" such that the "disclosure would convey information which ordinarily would be conceded to be part of the usual privileged communication between attorney and client." *Ralls v. United States*, 52 F.3d 223, 224-25 (9th Cir. 1995) (internal quotations omitted). In *Ralls*, the government sought the identity of the individual who hired an attorney for a criminal defendant and the amount paid. The court found the identity of the attorneys' fee payer to be privileged where that same fee payer sought the advice of the attorney regarding his own involvement in the alleged crime. *Id.*, at 225-26. Therefore, the

---

[1] Cooper is not requesting the Sealed Motion be considered *ex parte*. If granted, the Sealed Motion, Exhibits and Declaration will be available to the parties of record in this case in order to analyze and lodge objections. Therefore, no parties will be prejudiced.

payment of the fees itself was a privileged communication because it showed the fee payer's involvement in the crime.

The circumstances relating to Cooper's representation are the opposite because Cooper desires to show that the source of the funds to hire counsel is not related to these proceedings. The funds are untainted by the alleged fraud. *S.E.C. v. Dowdell*, 175 F. Supp. 2d 850, 854-55 (W.D. Va. 2001); *S.E.C. v Private Equity Mgmt. Group, Inc.*, No. CV 09-2901, 2009 WL 2058247, at *2-4 (C.D. Cal. July 9, 2009) (noting defendant could obtain the release of frozen assets if not tainted by the alleged fraud). Where funds are untainted, they are not subject to a freeze order and clawback. *See Private Equity Mgmt.,* 2009 WL 2058247, at *3. Therefore, information related to the source of the funds is likely not a privileged communication. Nevertheless, the information should be protected from public disclosure and sealed for the reasons stated below.

## II.     FEE INFORMATION RELATED TO COOPER'S DEFENSE SHOULD BE SEALED

Two standards generally govern motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir.2010). The standard varies depending on whether the documents are general judicial records or "private materials unearthed during discovery." *Id*. at 678–79. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id*. at 1178–79.

A less burdensome "good cause" standard applies when a party seeks to seal "private materials unearthed during discovery," which are not part of the judicial record. *Pintos*, 605 F.3d at 678.  The court applies the lower burden to such documents because "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id*. (citing *Kamakana*, 447 F.3d at 1180).  Under such circumstances, Federal Rule of Civil Procedure 26(c) governs.  Rule 26(c) provides that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The relevant standard for the purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002).  Furthermore, documents attached to non-dispositive motions must also meet the less burdensome standard under Rule 26(c). *Foltz*, 331 F.3d at 1135 (discussing *Phillips*, 307 F.3d at 1213); *see also Pintos*, 565 F.3d at 678–79; *Kamakana*, 447 F.3d at 1180).

Records attached to non-dispositive motions, however, are not subject to the strong presumption of access. *Id*. at 1179.  Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id*. (internal quotations omitted).  "[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir.2012); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992).

The "good cause" standard applies here because the Sealed Motion is a non-dispositive motion.  Good cause exists because the Sealed Motion, Exhibits and

Declaration identify the bank account numbers in *unredacted* form of the individual paying Cooper's legal defense costs and also include copies of the individual's bank account statements and other documents (also unredacted) related to the source of the funds to pay the attorneys' fees.

This information should not be publicly available, even if it is not privileged, because this individual and their personal financial information are unrelated to this case, as opposed to connected to the alleged crime. Thus, there is good cause to maintain his/her privacy. *See, e.g., Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. 11-cv-5973, 2013 WL 2285210, at *1 (N.D. Calif. May 23, 2013). In other words, a third-party's personal financial records should not be exposed to the public when that information will demonstrate that they are not involved in the alleged fraud or the case generally. Additionally, the personal financial information is the type of information that parties frequently redact from filings. *See, e.g. Fed. R. Civ. P. 5.2; Electronic Case Filing Administrative Policies and Procedures Manual United States District Court for the Southern District of California*, 1.h. The Defendant proposes to file *unredacted* banking records because redacted documents would be insufficient. The Sealed Motion seeks to establish that the attorneys' fees are not connected to the alleged fraud, which, in turn, requires complete transparency. Finally, public policy favors allowing an individual to protect their privacy and their personal financial information when his/her connection to a case is largely limited to paying attorneys' fees for another.

For this reason, Cooper has shown good cause to file under seal documents the information regarding the source of funds used to retain counsel and to file under seal the corresponding motion for a determination of whether such funds are untainted and not subject to clawback or seizure by the Receiver. The Motion should be granted.

Dated: March 4, 2016.

**DURHAM JONES & PINEGAR, P.C.**

*/s/ Jessica G. Peterson*
Attorney for Jacob Keith Cooper

# PROOF OF SERVICE

Code Civ. Proc. § 1013a(3)

I, Kristin Hughes, hereby declare I am employed in the County of Salt Lake, State of Utah. I am over the age of 18 and not a party to the within action. My business address is Durham Jones & Pinegar, 111 East Broadway, Suite 900, Salt Lake City, UT 84111.

On March 4, 2016, I served the foregoing document described as **DEFENDANT COOPER'S RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTATION REGARDING THE SOURCE OF FUNDS FOR RETENTION OF COUNSEL** on all interested parties in this action as set forth on the attached service list in the following manner:

\_\_\_\_ **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Salt Lake City, Utah in the ordinary course of business. I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_ **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

\_\_\_\_ **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

\_\_\_\_ **BY PERSONAL SERVICE:** By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

\_\_X\_\_ **(CM/ECF):** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification of such filing to interested parties in this action.

\_\_\_\_ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_X\_\_ (FEDERAL) I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on March 4, 2016, at Salt Lake City, Utah

/s/ *Kristin Hughes*
Kristin Hughes