Jessica G. Peterson, CA Bar No. 282743
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT  84110-4050
Telephone:      (801) 415-3000
Facsimile:       (801) 415-3500
Email:  jpeterson@djplaw.com

Attorney for JACOB KEITH COOPER

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>Defendant. | Case No. 15cv226-BAS (DHB)<br><br>**DECLARATION OF JACOB COOPER IN SUPPORT OF MOTION TO SELL PERSONAL ASSETS AND TO ESCROW PROCEEDS**<br><br>Date:    April 4, 2016<br>Judge:  Hon. Cynthia Bashant<br>Place:    221 West Broadway<br>            San Diego, CA 92101<br>            Courtroom 4B<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Magistrate David H. Bartick |

JACOB COOPER, declares as follows:

1.     I am a citizen of the United States and a resident of the State of Utah.  I am over eighteen (18) years of age and competent to testify to the matters stated herein.  Except as may otherwise be indicated, I make the statements in this declaration on the basis of my personal knowledge.  For those statements made on information and belief, I am reliably informed and believe such statements to be true.

2.     I am a defendant in the above-captioned case and was the CEO of Total Wealth Management, Inc. ("TWM") prior to the entry of the Temporary Restraining Order and Preliminary Injunction (collectively, "Freeze Orders") in these proceedings.

3. The Freeze Orders resulted in the appointment of a Receiver, Kristen A. Janulewicz, who took control of TWM.

4. After the appointment of the Receiver, I stopped receiving income from TWM or its affiliated entities, which has deprived me of virtually all of my income.

5. Because I did not receive an allowance for necessary and reasonable living expenses in the Freeze Order, I have relied upon the support of family members since the beginning of these proceedings.

6. The Freeze Orders have also prevented me from selling personal property, which includes a condo with an address of 2322 Caminito Andada, San Diego, California ("Condo") and a 2004 Monterey 228 si boat ("Boat") (collectively, "Assets").

7. Both the Condo and Boat were financed, and I continue to make the monthly payments to the lenders and, with regard to the Condo, continue to pay the homeowners association dues and some utilities.

8. The Condo was purchased before the creation of TWM and was not purchased with funds earned from TWM. My wife, who owns the Condo jointly, was working at the time and earning income. I am not a signatory to the loan secured by the Condo. My wife is the only signatory.

9. The monthly loan payment on the Boat is $433.83, and the monthly costs to maintain the Condo are approximately $3,726.39, which costs are itemized as follows:

| | |
|---|---|
| Condo Loan No. 1: | $2,710.89 |
| Condo Loan No. 2: | $ 647.50 |
| HOA Dues: | $ 353.00 |
| Waste Removal: | $ 15.00 |
| TOTAL | $3,726.39 |

Attached to the Motion to Sell Personal Assets and to Escrow Proceeds ("Motion") as **Exhibit A** are true and correct copies of recent statements and invoices showing the expenditures. The statements and invoices were received from the entity indicated on the document and corroborate the payments that I have been making.

10. I believe there is very little equity in the Condo. The San Diego Treasurer valued the Condo at $465,000.00 for the tax year ending on June 30, 2016. I searched for the property at http://www.zillow.com, which values the property at $565,644.00 as of approximately February 1, 2016.[1] I estimate the Condo can be sold for $535,000.00 in the current market.

11. As of approximately December 31, 2015, the balance on the first mortgage is $409,464.87, and the balance on the second mortgage is $97,720.39. *See* **Exhibit A**.

12. Therefore, the equity in the Condo is -$42,128.26, if the San Diego Treasurer's valuation is correct; $58,485.74, if Zillow's valuation is correct; and $27,814.74, if my valuation is correct.

13. Attached to the Motion as **Exhibit B** is a demonstrative table showing the three estimated sale prices, the current balances of the loans on the Condo, and the potential equity in the Condo based upon the three valuations. **Exhibit B** also includes true and correct copies of the property tax statement for June 30, 2016, from the San Diego Treasurer, which shows the treasurer's valuation. **Exhibit B** also includes true and correct copies of recent mortgage statements from the holders of the first and second mortgages on the Condo, which statements show the balance of those mortgages.

14. I also believe there is very little equity in the Boat. The blue book value according the NADA is $16,020.00.[2] As of approximately November 30, 2015, the balance of the loan on the Boat is $14,343.07.

15. Therefore, the equity in the Boat is approximately $1,676.93, if the NADA valuation is correct.

16. The demonstrative table attached as **Exhibit B** includes a section showing the estimated value of the Boat according to NADA, the amount owed on the Boat, and

---

[1] http://www.zillow.com/homedetails/2322-Caminito-Andada-San-Diego-CA-92107/16966059_zpid/
[2] http://www.nadaguides.com/Boats/2004/Monterey-Boats/228-SI-MONTURA-BR/10216973/values

the estimated equity in the Boat.  **Exhibit B** also includes a true and correct copy of a recent loan statement from the Navy Federal Credit Union, the lender.

17. It is my belief that the Condo and Boat are not the property of TWM and not part of the estate controlled by the Receiver.  Additionally, I believe the Assets were not purchased with the alleged ill-gotten income.

18. The Freeze Orders have caused me and my family severe financial hardship because it, first, cutoff my income and, second, required that I continue to pay the amounts described above to preserve the Assets.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed March 4, 2016.

_____
Jacob K. Cooper

# PROOF OF SERVICE

Code Civ. Proc. § 1013a(3)

I, Kristin Hughes, hereby declare I am employed in the County of Salt Lake, State of Utah. I am over the age of 18 and not a party to the within action. My business address is Durham Jones & Pinegar, 111 East Broadway, Suite 900, Salt Lake City, UT 84111.

On March 4, 2016, I served the foregoing document described as **DECLARATION OF JACOB COOPER IN SUPPORT OF MOTION TO SELL PERSONAL ASSETS AND TO ESCROW PROCEEDS** on all interested parties in this action as set forth on the attached service list in the following manner:

____ **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Salt Lake City, Utah in the ordinary course of business. I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

____ **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

____ **BY PERSONAL SERVICE:** By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

_X_ **(CM/ECF):** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification of such filing to interested parties in this action.

____ (STATE)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (FEDERAL)   I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on March 4, 2016, at Salt Lake City, Utah

  /s/ *Kristin Hughes*
Kristin Hughes