JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
Email: vanhavermaatd@sec.gov
GARY Y. LEUNG (Cal. Bar No. 302928)
Email: leungg@sec.gov
CAROL LALLY (Cal. Bar No. 226392)
Email: lallyc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>Defendants. | Case No. 3:15-cv-226-BAS-DHB<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT JACOB COOPER'S MOTION TO SELL ASSETS AND TO ESCROW PROCEEDS (Dkt. No. 80)**<br><br>**Date:** April 4, 2016<br>**Place:** Courtroom 4B<br>Hon. Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

Plaintiff Securities and Exchange Commission ("SEC") submits this opposition to Defendant Jacob Cooper's Motion to Sell Personal Assets and to Escrow Proceeds ("Sale Motion"), Dkt. No. 80.

# I. INTRODUCTION

Defendant Jacob Cooper is seeking approval in his Sale Motion to sell two assets, a condominium and a boat, and deposit the net proceeds in escrow with the Court-appointed Receiver. The SEC opposes the procedures that Cooper proposes to follow to sell the assets which gives him unfettered discretion and control with no oversight to prevent fraud, and therefore opposes the Sale Motion.

The SEC does not object to the basic proposal of the Sale Motion to liquidate assets and deposit the proceeds with the Receiver. The SEC objects to the vague procedures and unsupported valuations, which would vest complete discretion in Cooper to set the sale prices and negotiate the terms of any sale. There is no safeguard to prevent Cooper from selling the assets to his associates at fire sale prices and then profiting from the assets at a later date. There is no mechanism for the Court to approve the proposed sales and make a determination that they are at a fair price and/or market value. Because there are no appraisals, there is no basis for the Court or the parties to make an assessment that the sales are reasonable. Instead, Cooper would make the sales at his discretion and then the net proceeds, if any, would be deposited with the Receiver.

The most transparent means of disposing of these assets would be to have the Receiver sell them in a transaction subject to Court review and approval. The Sale Motion as proposed vests total discretion in Cooper to conduct the sale fairly, which does not provide any safeguards against fraud. Given that this proceeding involves allegations of fraud, such safeguards are prudent. The SEC therefore opposes the Sale Motion as presented.

# II. ARGUMENT

## A. Background of the Case

The SEC filed this action in February 2015, alleging that, after being charged with violations of the federal securities laws in an administrative proceeding, Cooper and his entity, Total Wealth Management, Inc., took $150,000 of their clients' funds

to pay a proposed settlement of the administrative proceeding. In addition, the SEC's complaint alleges that Cooper and Total Wealth were taking funds from clients' accounts, under the guise of administrative fees, without providing any meaningful explanation or accounting to clients. Cooper did not oppose the entry of the temporary restraining order, preliminary injunction, or the appointment of Kristen Janulewicz as permanent receiver of Total Wealth and its subsidiaries and affiliates. Since her appointment, the receiver has preliminarily concluded that Cooper and Total Wealth charged investors management fees on the basis of false or overstated balances. The Receiver estimates that Total Wealth investor losses will likely exceed $46 million. (*See* Dkt. No.43 at 3, 19, Dkt. No. 57-1.)

**B.    There are No Safeguards to Prevent Fraud in the Sale of the Condo**

In the Sale Motion, Cooper proposes to sell a condominium located located at 2322 Caminito Andada, San Diego, California (the "Condo"). Cooper does not provide an independent appraisal of the value of the Condo. Instead, Cooper states the tax assessor's value (which in California does not relate to current market value) and a Zillow estimate, and then Cooper states that he thinks the Condo has a market value of $535,000, which is between those two values. (Motion at 3:21.) Cooper's estimate is $30,000 less than the Zillow valuation of $565,644, and with fees would net next to nothing to be escrowed with the Receiver.

Cooper includes a listing agreement with a real estate agent that states the listing price is $565,000, although it is not signed and unclear whether Cooper will actually use this agent and this listing price. There is also no explanation why the proposed listing price differs from Cooper's estimated value. There is no declaration from the listing agent concerning price or value.

As the SEC understands the Sale Motion, Cooper would conduct the sale and negotiate the terms without any supervision from the Court. There are no safeguards to prevent Cooper from manipulating the sale to sell the property at a below market price to one of his associates. There is no provision for the Court, or the parties, to

review the terms of the sale to safeguard against fraud. Indeed, Cooper did not serve the SEC with a proposed Order for authorization to conduct the sale of the Condo. (*See* Dkt. No. 82 (Certificate of Service).) So Cooper has not proposed that any sale procedures at all be part of the Court order. In essence, Cooper is asking the Court to give him complete discretion to sell a valuable asset.

In view of the serious fraud allegations in this case, the SEC opposes Cooper's motion. There is a Court-appointed Receiver in place who is a fiduciary that can conduct this sale under usual and normal procedures, subject to the supervision of the Court. In view of the losses suffered by the investors, all of Cooper's assets should be preserved and their value maximized to make sure there are adequate funds available to pay any disgorgement and civil penalties that may be ordered. Because Cooper's motion provides no safeguards against fraud, it should be denied.

**C. Sale of the Boat**

In the Sale Motion, Cooper also seeks approval to sell a 2004 Monterey 228 si boat ("Boat"). To sell the Boat, Cooper does not propose to use any third-party sales agent, such as a boat broker, but rather to just sell himself. Cooper proposes to market the boat "at his discretion." (Motion at 5:25-26.) Cooper estimates that the market value of the Boat is $16,020.00. (Id. at 4:15-16.) There is no provision for any oversight concerning the reasonableness of the sale price, or the effectiveness of the marketing efforts.

A quick Google search of this particular model Boat showed four listings, with prices ranging from $14,990 to $37,000, and three of the four listings were substantially above Cooper's estimate of the value of the Boat. (*See* Bulgozdy Declaration, Exhibit 1.) There appears to be a wide range of values for the particular model of the boat that Cooper is proposing to sell.

Cooper's Sale Motion gives him complete discretion to market and sell the Boat, without any oversight or safeguards against fraud. The SEC therefore opposes the Sale Motion, but does not object to a sale conducted by the Court-appointed

Receiver.

### III. CONCLUSION

The SEC opposes the Sale Motion because it gives Cooper complete discretion to sell valuable assets without any supervision by the Court or safeguards against fraud. The SEC would not oppose having the Receiver sell the assets and escrow the proceeds.

Dated: March 18, 2016

                                        */s/ John B. Bulgozdy*
JOHN B. BULGOZDY
DAVID VAN HAVERMAAT
GARY Y. LEUNG
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 400 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On March 18, 2016, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT JACOB COOPER'S MOTION TO SELL ASSETS AND TO ESCROW PROCEEDS (Dkt. No. 80)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 18, 2016        */s/ John B. Bulgozdy*
                            John B. Bulgozdy

*SEC v. Total Wealth Management, Inc., et al.*
**United States District Court – Southern District of California**
**Case No. 3:15-cv-226-BAS-DHB**

# SERVICE LIST

Vincent J. Brown, Esq. **(served by CM/ECF only)**
8685 Rio San Diego Drive
Suite 4130
San Diego, CA 92108
Email: vince@vjblaw.com
*Attorney for Defendant Jacob Keith Cooper*

Jessice G. Peterson, Esq. **(served by CM/ECF only)**
Durham Jones & Pinegar, P.C.
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050
Email: jpeterson@djplaw.com
*Attorney for Defendant Jacob Keith Cooper*

Joshua del Castillo, Esq. **(served by CM/ECF only)**
David Zaro, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: jdelcastillo@allenmatkins.com
Email: dzaro@allenmatkins.com
*Attorneys for Kristen A. Janulewicz, Receiver for Defendant Total Wealth Management, Inc.*