JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
Email:  vanhavermaatd@sec.gov
GARY Y. LEUNG (Cal. Bar No. 302928)
Email:  leungg@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>                    Defendants. | Case No. 3:15-cv-226-BAS-DHB<br><br>**STIPULATION TO SUBSTITUTE THOMAS A. SEAMAN AS RECEIVER IN PLACE OF KRISTIN JANULEWICZ** |

WHEREAS, on February 4, 2015, Kristin A. Janulewicz was appointed temporary receiver of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC (Dkt. No. 5); and

WHEREAS, on February 12, 2015, Kristin A. Janulewicz was appointed as permanent receiver of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC (Dkt. No. 8); and

WHEREAS, at the time of her appointment, Ms. Janulewicz was associated with the Thomas Seaman Company, whose principal is Thomas A. Seaman; and

WHEREAS, since the date of her appointment, Ms. Janulewicz has administered the estate of the receivership entities and performed her duties as receiver in accordance with the terms of the order appointing her permanent receiver and the Court's subsequent orders in this case; and

WHEREAS, Ms. Janulewicz has terminated her association with Thomas Seaman Company and elected to transition to a new employment in the area of public accounting in the financial services field; and

WHEREAS, Ms. Janulewicz believes that her new position and its responsibilities are inconsistent with her obligations as a Court-appointed receiver and has informed the parties that she wishes to be discharged as receiver as soon as practicable; and

WHEREAS, Thomas A. Seaman has offered to take over the duties as permanent receiver of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC; and

WHEREAS, the proposal of Thomas A. Seaman to serve as receiver and his curriculum vitae are attached to this stipulation; and

WHEREAS, Thomas A. Seaman has offered to bill his services at the same

rate as was being charged by Ms. Janulewicz, and his knowledge of the receivership entities and receivership estate will enable him to transition to the position with minimum disruption and expense to the orderly administration of the receivership entities; and

WHEREAS, Thomas A. Seaman has served as a fiduciary and receiver in other actions and is an experienced fiduciary and receiver; and

WHEREAS, the Securities and Exchange Commission proposes that Thomas A. Seaman be appointed to replace Ms. Janulewicz as permanent receiver; and

WHEREAS, Defendant Jacob Keith Cooper does not oppose and stipulates to the substitution of Thomas A. Seaman as permanent receiver;

**IT IS HEREBY STIPULATED** by and between the SEC, Defendant Cooper, and the court-appointed Receiver in this matter, that, upon approval by the Court:

Kristin A. Janulewicz is relieved and discharged of her duties as permanent receiver of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC, and

///
///
///
///
///
///
///
///
///
///
///
///

1        Thomas A. Seaman is appointed as permanent receiver of Defendant

2   Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not

3   limited to Altus Capital Management, LLC, and succeeds to all the duties and

4   obligations as permanent receiver.

5      **IT IS SO STIPULATED.**

6

7   Dated:  May 25, 2016

      */s/ John B. Bulgozdy*

8         JOHN B. BULGOZDY
      DAVID J. VAN HAVERMAAT

9         GARY Y. LEUNG
      Attorneys for Plaintiff

10        Securities and Exchange Commission

11

12  Dated:  May 25, 2016

      */s/ Paul T. Moxley (as authorized*

13        *05/24/2016)*

14        PAUL T. MOXLEY
      PATRICK E. JOHNSON

15        JESSICA G. PETERSON
      Attorneys for Defendant Cooper

16

17

18  Dated:  May 25, 2016

      */s/ Joshua del Castillo (as*

19        *authorized 05/24/2016)*

20        JOSHUA DEL CASTILLO
      Attorney for the Permanent Receiver

21

22       Pursuant to § 2(f)(4) of the Electronic Case Filing Administrative Policies and
Procedures Manual for the Southern District of California, I attest that all other

23  signatories listed, and on whose behalf the filing is submitted, concur in the filing's
content and have authorized the filing.

24        */s/ John B. Bulgozdy*

25        JOHN B. BULGOZDY
      Attorneys for Plaintiff

26        Securities and Exchange Commission

27

28

Case No. 3:15-cv-226-BAS-DHB

**THOMAS SEAMAN COMPANY**

3 PARK PLAZA, SUITE 550
IRVINE, CA 92614

TELEPHONE (949) 222-0551
FACSIMILE (949) 222-0661
E mail tom@thomasseaman.com

THOMAS A. SEAMAN, CFA
PRINCIPAL

May 16, 2016

John B. Bulgozdy, Senior Trial Counsel
United States Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

    Re:    Proposal to serve as Successor Receiver for Total Wealth Management, Inc. *et al* ("Total Wealth")

Dear Mr. Bulgozdy:

Thank you for your Request for Proposal to serve as the Kristen Janulewicz's successor (the "Successor Receiver") in the Total Wealth receivership. As I understand it, the Successor Receiver will succeed to all of the duties and obligations of the original Receiver as defined in the court's preliminary injunction and order appointing receiver (and subsequent orders) including, but not limited to:

- continuing the administration of the receivership estate;
- marshalling and preserving receivership assets;
- preparing an appropriate accounting;
- developing and securing court approval of a proposed claims and distribution process, and undertaking that process;
- preparing and submitting appropriate reports to the court; and
- continuing the prosecution of a complaint for professional negligence, aiding and abetting breaches of fiduciary duty, fraudulent conveyance, and disgorgement pending against John Lively and Michelle Jacko (and their affiliated entities), as well as the fraudulent conveyance action pending against Tony Hartman and his company, PPCN.

John B. Bulgozdy , Senior Trial Counsel
May 16, 2016
Page 2

Attached as Exhibit A please find my *Curriculum Vitae* which more fully sets forth my qualifications and experience to serve as receiver in this matter. I am a Chartered Financial Analyst ("CFA") and have served as receiver in well over 200 matters since 1995, including six SEC and three FTC federal equity receiverships in investment fraud and consumer fraud enforcement actions.

My current hourly rate is $400 per hour. In deference to the Commission, and in order to ensure that Ms. Janulewicz's departure does not increase the cost of the receivership, I will discount my rate to $270 per hour. Thomas Seaman Company will continue to assist me in the execution of my duties set forth in the order appointing receiver. I will delegate work to the lowest priced person capable of performing the task required. In this manner I will be able to achieve a weighted average hourly or blended rate significantly less than $270 per hour. Hourly rates are as follows:\

| | |
|---|---|
| Thomas Seaman, Receiver | $270 |
| Alison Juroe, Senior Financial Analyst | $190 |
| Darren Clevenger, Business Analyst | $170 |
| Matthew Flahive, Accountant | $85 |
| Heidi Gong, Bookkeeper | $60 |

The blended hourly rates are expected to be approximately $200 and will likely range between $190 and $210 per hour. We believe our rates to be less than our competitors'. Additional provisions concerning fees are as follows:

- Billing standards meet or exceed the Securities and Exchange Commission's Receiver Billing Instructions, SFAR, as well as United States Trustee Guidelines
- Detailed descriptions in tenth of the hour increments
- All bills subject to fee application and Court approval
- No reimbursement for routine photocopying, facsimile, incidental postage, or other expenses of the receiver. Costs directly attributable to the administration of the Company and the estate are paid directly from the estate in accordance with the Order Appointing Receiver
- Travel time is billed at half of the hourly rates

PROFESSIONALS:

I will require legal counsel to represent me and the receivership estate in matters before the Court and in recovering assets on behalf of the estate. I will be represented by Allen Matkins who represented Ms. Janulewicz. Allen Matkins has represented me in the past and is well qualified to advise me as receiver in federal enforcement actions. I also have experience with

John B. Bulgozdy , Senior Trial Counsel
May 16, 2016
Page 3

several other law firms with expertise in securities and consumer fraud matters should Allen
Matkins have a conflict or otherwise be unsuitable for this matter.

I may be obligated to file tax returns, investor K-1s and to fulfill other tax related
requirements. I may also require also require legal advice in the taxation area and would retain
Crowe Horwath to assist me with tax issues requiring legal advice. I will obtain a proposal from
Crowe Horwath if and when it is determined that I require tax advice and will ensure that they
are able to certify that they have no conflicts prior to engaging them.

Thomas Seaman Company shall provide all other accounting and financial functions of
the Receivership.

Legal and tax advice can be expensive and I am sensitive to the impact of its cost on the
amount ultimately recovered by the Receiver for investors and legitimate creditors. Thomas
Seaman Company and the professionals I retain espouse a philosophy of bringing value for our
fees. Prior to undertaking litigation, I conduct a thorough cost benefit analysis and seek the
concurrence of the Commission and the Court prior to initiating legal action. When I retain these
professionals on an hourly basis, I will follow a task-based approach wherein I will assign
specific tasks at a pre-established budget. I will closely monitor performance against the budget.
If the professional does not expect to meet the budget, I instruct them to so inform me
beforehand at which time I can determine how to proceed. All professionals retained by the
Receiver shall be required to adhere to the same billing practices followed by the Receiver set
forth above. I have enclosed an executed Billing Instructions for Receivers in Civil Actions
Commenced by the Securities and Exchange Commission.

CONFLICTS:

I certify that I, Thomas Seaman Company, and any of the professionals I propose to
retain, or any professional I may retain in the future, do not have any conflicts of interest with
any of the proposed defendants and will ensure that no conflicts continue to exist or will rise.
Accordingly, I have attached an executed Conflicts of Interest and Background Information
Form.

ADDITIONAL INFORMATION:

I serve or have previously served as receiver in the following federal equity receiverships
since 2004.

> SEC vs. Nathanson, et al
> SEC vs. Safevest, et al
> SEC vs. Carolina Development, et al
> SEC vs. Medical Capital
> FTC vs. American Tax Relief
> FTC vs. American Credit Crunchers
> SEC vs. Small Business Capital
> FTC vs. Dayton Productions

John B. Bulgozdy , Senior Trial Counsel
May 16, 2016
Page 4

        SEC vs. USFIA, et al

    I have never been employed by the SEC or any other government agency.

    If you require additional information, kindly give me a call. You may also wish to visit
our website at www.thomasseaman.com for additional information and relevant experience. In
the meantime thank you very much for considering us for this assignment.

                Yours very truly,

                THOMAS SEAMAN COMPANY

                *Thomas L. Seaman*

                Thomas A. Seaman, CFA


Attachments: *Curricula Vitae,* Conflicts of Interest form, Billing Standards form

CURRICULUM VITAE

# Thomas A. Seaman, CFA

3 Park Plaza, Suite 550

Irvine, CA  92614

Telephone  (949) 222-0551

E mail  tom@thomasseaman.com

Thomas A. Seaman is Principal and sole shareholder of Thomas Seaman Company, a California corporation.  Thomas Seaman Company provides business management services in civil matters which require a neutral third party to serve as receiver, referee, provisional director, Special Master, or administrator.  Thomas Seaman Company was formed in 1996 and has the capability to manage and administer a broad range of asset classes including operating companies, financial assets, real property and construction projects.

Mr. Seaman has 36 years of business experience both in private industry and as a court-appointed fiduciary.   Mr. Seaman is a former CFO and Controller, and is a Chartered Financial Analyst (CFA).  Mr. Seaman entered the insolvency arena in 1989 and has served as receiver in approximately 215 matters since formation of Thomas Seaman Company.  He has operated distressed businesses that were the subject of a State Court Receivership, Chapter 11 Bankruptcy estate, Federal regulatory action, partnership dispute, partition action, dissolution proceeding, probate matter, or in other litigation requiring a fiduciary. Thomas Seaman Company has operated companies in numerous industries including manufacturing, distribution, construction, healthcare, Assisted Living, service, hospitality and others. Mr. Seaman is experienced at seizing assets, stabilizing operations, and formulating & implementing business solutions.

Mr. Seaman's strong accounting skills and experience as a financial analyst have been beneficial in litigation requiring reconstruction of books and records.  These skills have been beneficial in Federal Equity appointments in which the receiver is required to make a detailed report of the financial condition of the defendant within ten days of the appointment and to identify sources of recovery.  Mr. Seaman's financial skills have also been employed by the court and litigants to support the underlying litigation and have resulted in the granting of motions for summary judgment and criminal indictments.   In matters where the business is viable and operations are continued, Mr. Seaman is able to exert financial control over and operate the entity.

Mr. Seaman has extensive experience in real estate and rents & profits receiverships which includes resolving problems with completion, marketing, leasing, management, physical plant, environmental, seismic, eminent domain, and other issues affecting real estate.  Mr. Seaman is experienced in virtually all product types including commercial, retail, multi-family, senior living, condominium conversions, and residential real property.  Mr. Seaman has been called upon to manage the conclusion of construction projects and has marketed and sold countless real estate assets.  In assisted living matters, Mr. Seaman has served as receiver for 26 communities over the last decade and restored stability and profitability to troubled communities.

Thomas Seaman Company's clients include banks, prominent financial institutions, governmental agencies including the Securities and Exchange Commission, the Federal Trade Commission and the Office of the United States Attorney, life insurance companies, and law firms, among others.

Mr. Seaman earned a Bachelor of Science degree in Finance from the University of Illinois in 1979, and was awarded a CFA charter in 1993. Mr. Seaman's firm is licensed by the State of California as a Registered Investment Adviser and as a California Real Estate Broker.  He is a member of the Institute of Chartered Financial Analysts, the Los Angeles Society of Financial Analysts, the California Receiver's Forum, and the Orange County Bar Association, as a non-lawyer and is a founding member of the National Association of Federal Equity Receivers.

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 400 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On May 25, 2016, I caused to be served the document entitled **STIPULATION TO SUBSTITUTE THOMAS A. SEAMAN AS RECEIVER IN PLACE OF KRISTIN JANULEWICZ** on all the parties to this action addressed as stated on the attached service list:

☒    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  May 25, 2016                                  */s/ John B. Bulgozdy*
                                                           John B. Bulgozdy

*SEC v. Total Wealth Management, Inc., et al.*
**United States District Court – Southern District of California**
**Case No. 3:15-cv-226-BAS-DHB**

## SERVICE LIST

Vincent J. Brown, Esq. **(served by CM/ECF only)**
8685 Rio San Diego Drive
Suite 4130
San Diego, CA 92108
Email: vince@vjblaw.com
*Attorney for Defendant Jacob Keith Cooper*

Paul T. Moxley, Esq. **(served by US Mail and Electronic Mail)**
Patrick E. Johnson, Esq. **(served by US Mail and Electronic Mail)**
Cohne Kinghorn
111 E. Broadway
Eleventh Floor
Salt Lake City, UT 84111
Email: pmoxley@cohnekinghorn.com
Email: pjohnson@cohnekinghorn.com
*Attorneys for Defendant Jacob Keith Cooper*

Jessica G. Peterson, Esq. **(served by CM/ECF only)**
Durham Jones & Pinegar, P.C.
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050
Email: jpeterson@djplaw.com
*Attorney for Defendant Jacob Keith Cooper*

Joshua del Castillo, Esq. **(served by CM/ECF only)**
David Zaro, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: jdelcastillo@allenmatkins.com
Email: dzaro@allenmatkins.com
*Attorneys for Kristen A. Janulewicz, Receiver for Defendant Total Wealth Management, Inc.*