# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>   v.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>                      Defendants. | Case No. 15-cv-226-BAS-DHB<br><br>**ORDER GRANTING SECOND INTERIM APPLICATIONS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES** |

Presently before the Court in this Securities and Exchange Commission ("SEC") enforcement action are the second interim applications for payment of fees by Kristen A. Janulewicz[1] (the "Receiver"), the Court-appointed permanent receiver for Defendant Total Wealth Management Inc. and its subsidiaries and affiliates (the "Receivership Entities"), and Receiver's counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"). (ECF No. 107.) The applications cover the period July 1, 2015 through December 31, 2015 (the "Application Period") and seek

---

[1] On June 7, 2016, the Court substituted Thomas A. Seaman for Kristen A. Janulewicz as Permanent Receiver. (ECF No. 102.) Seaman, as the Successor Receiver, brings this application on Janulewicz's behalf.

– 1 –

1 interim payment of $90,695.00 in fees incurred by the Receiver and $159,492.75 in
2 fees and $3,892.33 in expenses incurred by Allen Matkins. *Id.* The SEC has reviewed
3 the fee applications and supports the requests for interim payment in the amounts
4 requested. (ECF No. 113.)

5 **I.  DISCUSSION**

6     **A. Legal Standard**

7     "A receiver appointed by a court who reasonably and diligently discharges his
8 duties is entitled to be fairly compensated for services rendered and expenses
9 incurred." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). The entitlement
10 to reasonable compensation extends to the professionals employed by the receiver.
11 *See Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). The
12 amount of compensation to be awarded is firmly within the discretion of the district
13 court, and generally is a charge upon the property or funds in receivership. *Gaskill v.*
14 *Gordon*, 27 F.3d 248, 251, 253 (7th Cir. 1994). In determining the reasonableness of
15 fees and costs requested, the court considers the time records presented, the quality
16 of the work performed, the complexity of the problems faced, and the benefits to the
17 receivership estate. *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F.Supp. 1220, 1222
18 (S.D.N.Y. 1973). The receiver bears the burden of demonstrating entitlement to
19 payment of fees and costs in the amount requested. *See* 65 Am. Jur. 2d, *Receivers* §
20 228 (2d ed. Feb. 2016 update). Finally, in a securities receivership, "[o]pposition or
21 acquiescence by the SEC to the fee application will be given great weight." *Fifth Ave.*
22 *Coach Lines*, 364 F. Supp. at 1222.

23     **B. Receiver's Request for Fees**

24     The Receiver's request for $90,695.00 in fees incurred during the Application
25 Period includes the fees of associated professionals who worked with her on behalf
26 of the Receivership Entities. During the Application Period, the Receiver and
27 associated professionals worked a total of 411.3 hours on behalf of the Receivership
28 Entities, including tasks such as document review, financial analysis and forensic

1  accounting, investor relations, debt collection, and asset management. (ECF No. 107,
2  Attach. 3.) The average hourly rate ranged from $65 for administrative tasks to $375
3  for project management, with a weighted average rate of $221 per hour. (ECF No.
4  51, Attach. 7.) The Receiver herself worked at an hourly rate of $270 (ECF No. 51,
5  Attach. 2) and did not bill for travel time or for the cost of preparing the instant
6  application for payment.

7        The Court finds the Receiver's request for $90,695.00 in fees to be reasonable.
8  All fees incurred during the Application Period are meticulously documented and
9  presented in such a way that the Court can clearly evaluate the tasks performed, hours
10 expended, hourly rates, and the total fees incurred for each task category. (ECF No.
11 107, Attach. 1, 2.) The Receiver's hourly rate of $270, and the weighted average rate
12 of $221 per hour, are eminently reasonable. The Receiver has made substantial
13 progress in identifying and recovering receivership assets, including the recovery of
14 $348,894.71 in assets during the Application Period, and more than $3.8 million
15 overall. (Seaman Decl. ¶¶ 3, 4.) In light of the complexity of the matter, the degree
16 of responsibility involved, and the business ability required, the number of hours
17 expended during the Application Period is reasonable. In addition, the SEC's stated
18 support for the Receiver's request weighs in favor of finding the fee application
19 reasonable. Accordingly, the Court approves, on an interim basis, the Receiver's
20 request for $90,695.00 in fees incurred during the Application Period, and authorizes
21 the payment, on an interim basis, of 90% of the fees incurred, in the amount of
22 $81,625.50.

23       **C. Allen Matkins' Request for Fees and Expenses**

24       During the Application Period, Allen Matkins spent a total of 378.5 hours
25 working on behalf of the Receivership Entities, at a cumulative, weighted average
26 rate of $421.38 per hour, for fees totaling $159,492.75. (ECF No. 107, Attach. 5,
27 2:13–20.) In addition, Allen Matkins incurred $3,892.33 in expenses. (*Id.*) The firm
28 performed a wide range of tasks assisting the Receiver during the relevant period,

including helping with an extensive investigation relating to attorneys and law firms that had represented the Receivership Entities in the pre-receivership period; recovering hundreds of thousands in additional receivership assets; performing extensive work to prepare tax returns and related materials; issuing and enforcing subpoenas; and performing the extensive work needed to prepare a lawsuit for filing against Private Placement Capital Notes II, LLC and its principal, Anthony Hartman. (*Id*. Attach. 6.) These efforts have substantially benefited the Receivership Entities.

The Court finds that Allen Matkins' request for fees and costs is reasonable. Allen Matkins is a well-known firm with extensive experience in federal receiverships, and the firm's billing rates are comparable to the usual fees for similarly complex services in the community. The detailed time records submitted indicate that the firm staffed the tasks performed appropriately and efficiently based on the expertise required. (*See* Attach. 6) The amount requested in fees also reflects Allen Matkins' agreement to discount its ordinary billing rates by 10%, and to delay upward adjustments of billing rates for attorneys staffed on this matter. (ECF No. 107, Attach. 5, 4:21–23.) And finally, as in the case of the Receiver's fee application, the Court ascribes great weight to the SEC's support for Allen Matkins' request for fees and reimbursement of expenses. (ECF No. 113.) Accordingly, the Court approves, on an interim basis, Allen Matkins' request for $159,492.75 in fees incurred during the Application Period, and authorizes the payment, on an interim basis, of 80% of the fees incurred, in the amount of $127,594.20. In addition, the firm's request for reimbursement of expenses in the amount of $3,892.33 is approved as reasonable.

## II.  CONCLUSION & ORDER

For the reasons set forth above, the Court **GRANTS** the interim applications for fees and reimbursement of expenses for the period July 1, 2015 through December 31, 2015 as follows:

1. The Court APPROVES the Receiver's second interim application for fees

1     in the amount of $90,695.00;

2. The Court AUTHORIZES payment to Kristen A. Janulewicz of 90% of approved fees (that is, $81,625.50), on an interim basis, from the assets of the Receivership Entities;

3. The Court APPROVES Allen Matkins' application for fees in the amount of $159,492.75;

4. The Court AUTHORIZES and DIRECTS the Successor Receiver to pay Allen Matkins 80% of approved fees (that is, $127,594.20), on an interim basis, from the assets of the Receivership Entities;

5. The Court APPROVES Allen Matkins' request for reimbursement of expenses, in the amount of $3,892.33, and AUTHORIZES and DIRECTS the Successor Receiver to reimburse Allen Matkins for such costs in full.

**IT IS SO ORDERED**.

**DATED: December 15, 2016**

Hon. Cynthia Bashant
United States District Judge