1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

SECURITIES AND EXCHANGE
COMMISSION,

Case No. 15-cv-0226-BAS-DHB

12

Plaintiff,

**ORDER DENYING MOTION TO
SELL PERSONAL ASSETS AND
TO ESCROW PROCEEDS**

13

v.

14

TOTAL WEALTH
MANAGEMENT, INC. and JACOB
KEITH COOPER,

15
16

Defendants.

17
18
19

    This case involves a receivership resulting from an SEC enforcement action

20

against Defendants Jacob Keith Cooper, Total Wealth Management, Inc., and

21

related entities. Presently before the Court is Defendant Cooper's motion to sell

22

personal assets and to escrow the proceeds. (ECF No. 80 ("Def.'s Mot.")) Cooper

23

seeks to sell a condominium and a boat to reduce his monthly expenses, and

24

proposes to deposit any profits from the sale with the Receiver. The Receiver and

25

the SEC have opposed, and Cooper has replied. (ECF Nos. 84, 85, 91.) For the

26

reasons set forth below, Cooper's motion is denied.

27

## ANALYSIS

28

    "[A] district court's power to supervise an equity receivership and to

determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (quoting *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986)). Here, Cooper asks this Court to exercise its discretion to allow him to sell two assets—a condominium and a boat (the "Property")—and deposit the net proceeds in escrow with the Court-appointed Receiver. Cooper emphasizes that the freeze orders currently in place have subjected him to a double bind: while the orders prohibit him from disposing of any real or personal property, they also cut-off the income he needs to make payments associated with the Property. As a result, Cooper explains, "he must pay over $4,000.00 each month to maintain the debt and other payments on the Condo and Boat." (Def.'s Mot. 6:26–27.) On the basis of this financial hardship, Cooper contends there is good cause for the Court to lift or modify the freeze order to allow him to sell the Property.[1] (*See* Def.'s Mot. 6:20–28.)

   For several reasons, the Court finds Cooper's argument unpersuasive and his sale proposal fatally flawed. First, the Court agrees with the Receiver that the sale proposal does not guarantee maximum return to the estate.  Although Cooper provides estimated valuations of the Property (based primarily on internet research), these valuations are uncertain and, in any event, do not bind Cooper in any way. That is, even as Cooper emphasizes that any profit would be turned over to the Receiver, the proposal itself does not actually obligate Cooper to sell the Property at a profit. The sale is primarily intended to benefit Cooper, not to enhance the

---

[1] The Court notes that Cooper frames his motion around the three-factor test the Ninth Circuit considers in deciding whether to lift a receivership stay. This standard is inapposite. The cases cited by Cooper make clear that the standard he invokes applies to stays of legal proceedings, not to motions to lift or modify a freeze order. *See, e.g.*, *SEC v. Universal Financial*, 760 F.2d 1034, 1038 (9th Cir. 1985) (per curiam) (affirming district court's refusal to lift a previously-ordered stay of all legal proceedings by third parties against any of the defendants, the Receivership, or receivership property). In any event, even if the Court were to apply Cooper's framework to the instant motion, the outcome would be the same.

1    Receivership assets. As Cooper has not demonstrated that lifting the freeze is in the
2    interest of the investors, he is not entitled to modify the freeze order. *See, e.g.*, *SEC*
3    *v. Credit Bancorp Ltd.*, No. 99 Civ. 11395, 2010 WL 768944, at *4 (S.D.N.Y. Mar
4    8, 2010) ("To succeed on a motion to modify [a] freeze to permit payment of
5    attorneys' fees and other expenses, [a] defendant 'must establish that such a
6    modification is in the interest of defrauded investors.'") (citations omitted).

7          Second, and relatedly, the Court agrees with the SEC that under this
8    arrangement there is nothing to prevent Cooper from selling the Property to his
9    associates at below market value and then profiting from the property at a later date.
10   (ECF No. 85, 3:26–28.) Indeed, instead of proposing an independent agent for
11   selling the condo, Cooper apparently has a specific listing agent in mind, which
12   raises the specter of collusion. Given that fraud allegations are at the heart of this
13   case (*see* ECF No. 1), the Court declines to take the risk of allowing Cooper
14   complete discretion to conduct the sale of the Property as he sees fit.

15         Finally, Cooper has not demonstrated that investor funds were not used to
16   purchase, or make payments on, the Property he now wishes to sell. Such
17   confirmation is relevant to the sale proposal because the nature of the source funds
18   directly implicates the Receiver's charge to preserve receivership assets. *Cf. SEC v.*
19   *Private Equity Mgmt. Grp., Inc.*, No. CV 09–2901 PSG (Ex), 2009 WL 2058247
20   (C.D. Cal. July 9, 2009) (defendant in receivership proceeding seeking to release
21   frozen assets must demonstrate that the assets are untainted by the alleged fraud).
22   With this issue still in dispute, the Court is wary of facilitating a potential
23   dissipation of receivership assets. *See, e.g.*, *SEC v. Schooler*, 902 F. Supp. 2d 1341,
24   1360 (S.D. Cal. 2012) ("The point of an asset freeze is to prevent their dissipation
25   and waste so they will be available for disgorgement.") (citations omitted).

26                          **CONCLUSION AND ORDER**

27         "[A] primary purpose of equity receiverships is to promote orderly and
28   efficient administration of the estate by the district court for the benefit of

creditors." *Hardy*, 803 F.2d at 1038. Here, although there is a theoretical possibility that Cooper's proposed sale would benefit investors, the Court finds the proposal vests too much discretion with Cooper to conduct the sale on his own terms with no assurance of benefit to the estate. Sale of the Property may make Cooper's life easier, but in the absence of safeguards, such convenience is insufficient to justify approval of this proposal. Accordingly, Cooper's Motion to Sell Personal Assets and to Escrow Proceeds is DENIED. (ECF No. 80.)

**IT IS SO ORDERED**.

**DATED:  January 30, 2017**

Hon. Cynthia Bashant
United States District Judge