# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>　　　　　　　　　Defendants. | Case No. 15-cv-0226-BAS-DHB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART AMENDED RENEWED MOTION TO SEAL [ECF No. 92],**<br><br>**(2) GRANTING SECOND MOTION TO SEAL [ECF No. 117],**<br><br>**(3) DENYING AS MOOT RENEWED MOTION TO SEAL [ECF No. 89]** |

**INTRODUCTION**

Presently before the Court in this SEC receivership proceeding is Defendant Cooper's Amended Renewed Motion to Seal Documentation Regarding the Source of Funds for Retention of Counsel (ECF No. 92) and a related Second Motion to Seal (ECF No. 117). Cooper seeks to file under seal an Amended Motion for Determination Assets are Untainted by Alleged Fraud and related exhibits. The SEC does not oppose. (ECF No. 96.) For the reasons set forth below, the Court GRANTS

1  IN PART and DENIES IN PART Cooper's amended renewed motion to seal
2  documentation regarding the source of funds (ECF No. 92) and GRANTS the related
3  second motion (ECF No. 117).

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere

1  fact that the production of records may lead to a litigant's embarrassment,
2  incrimination, or exposure to further litigation will not, without more, compel the
3  court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal
4  documents is "one best left to the sound discretion of the trial court" upon
5  consideration of "the relevant facts and circumstances of the particular case." *Nixon*,
6  435 U.S. at 599.

## DISCUSSION

As an initial matter, the Court finds that Cooper's Amended Motion for Determination Assets are Untainted by Alleged Fraud is more than tangentially related to the merits of the case. The SEC has alleged a pervasive fraud by Cooper involving the alleged misappropriation of advisory client funds to settle a prior SEC enforcement proceeding, as well as to pay attorneys Cooper hired to defend him in a class action brought by injured investors. Thus, Cooper's motion for a determination that certain assets are untainted by fraud implicates the very conduct of which Cooper has been accused. The compelling reasons standard applies.

Under the circumstances presented, the Court finds the compelling reasons standard satisfied as to ECF No. 93–1 (Exhibit); ECF No. 93–2 (Declaration of Michael Cooper); ECF No. 118 (Second Declaration of Michael Cooper); ECF No. 118–1; and ECF No. 118–2. These documents contain non-party Michael Cooper's personal financial information—including bank account numbers and balances—and are thus not entitled to the common law presumption of access. *See, e.g.*, *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public.") (citation omitted); *Chapman v. Krutonog*, Civil No. 08–00579 HG–LEK, 2010 WL 727577, at *5 (D. Haw. Feb. 26, 2010) (noting that litigants "certainly have a privacy interest in financial information such as their bank account or credit card numbers" because "[s]uch information is not publicly available and could lead to irreparable harm if it became publicly available"). Although the motion at issue is

1  more than tangentially related to the merits, the Court concludes that Michael
2  Cooper's privacy interest outweighs the public's right to access and inspect his
3  individual account information.

4  However, the Court does not find the compelling reasons standard satisfied
5  with respect to the Amended Motion for Determination Assets are Untainted by
6  Alleged Fraud. (ECF No. 93, "Amended Motion"). Although the exhibits and
7  declarations *attached* to this motion contain personal financial information that link
8  Michael Cooper to specific account numbers, the Amended Motion itself largely
9  limits the discussion of financial information to the amounts involved in specific
10 transfers or transactions. Defendant Cooper has not shown that public knowledge of
11 the amounts of these transfers, without reference to specific identifying account
12 information, could become a "vehicle for improper purposes." *Kamakana*, 447 F.3d
13 at 1179 (quoting *Nixon*, 435 U.S. at 598). Therefore, the Amended Motion (ECF No.
14 93) must be filed on the public docket, and Defendant Cooper will be permitted to
15 redact references to Michael Cooper's account numbers before doing so. (*See, e.g.*,
16 ECF No. 93, 3:8, 3:19.)

## CONCLUSION

17
18 Cooper's Amended Renewed Motion to Seal Documentation Regarding the
19 Source of Funds for Retention of Counsel is **GRANTED IN PART** and **DENIED**
20 **IN PART**. (ECF No. 92.) The Clerk of Court is instructed to file under seal the
21 documents currently lodged as ECF No. 93–1 and ECF No. 93–2. However, Cooper
22 must file the Amended Motion for Determination Assets are Untainted by Alleged
23 Fraud (ECF No. 93) on the public docket after redacting Michael Cooper's account
24 number information. Defendant Cooper is **ORDERED** to file the redacted Amended
25 Motion for Determination Assets are Untainted by Alleged Fraud no later than
26 **February 2, 2017**.

27 Cooper's Second Motion to Seal Documentation Regarding the Source of
28 Funds for Retention of Counsel is **GRANTED**. (ECF No. 117.) The Clerk of Court

1 | is instructed to file under seal the documents currently lodged as ECF No. 118
2 | (Second Declaration of Michael Cooper), ECF No. 118–1, and ECF No. 118–2.
3 |       Finally, the Court **DENIES AS MOOT** Defendant Cooper's Renewed Motion
4 | to Seal filed on March 18, 2016 (the "March 18 motion"). (ECF No. 89.) The
5 | Amended Renewed Motion to Seal considered by the Court in this Order (ECF No.
6 | 92) duplicates the March 18 motion in its entirety, rendering the March 18 motion
7 | inoperative.
8 |       **IT IS SO ORDERED**.

**DATED: January 30, 2017**

Hon. Cynthia Bashant
United States District Judge