# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 15-cv-00226-BAS-DHB<br><br>**ORDER GRANTING MOTION FOR ESTABLISHING SUMMARY CLAIMS PROCEDURES, SETTING CLAIMS BAR DATE, AND APPROVING PROPOSED CLAIM FORM**<br><br>**[ECF No. 124]** |

Presently before the Court is Receiver Thomas A. Seaman's ("the Receiver") motion for an order (1) establishing summary procedures for the determination of claims against the Receivership Entities; (2) setting a claims bar date for the submission of claims; and (3) approving the Receiver's proposed Claim Form for the submission of claims. ("Motion" (ECF No. 124).) Plaintiff Securities and Exchange Commission filed a response supporting the Receiver's Motion.[1] (ECF No. 129.) For

---

[1] The Court notes that a receiver appointed in a related state case filed a reply to Receiver's Motion on December 19, 2016. (ECF No. 128.)

– 1 –

the reasons set forth below, the Court grants the Motion.

## DISCUSSION

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (quoting *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986)). This broad power includes the discretion to use summary procedures to supervise and administer the claims process. *See Hardy*, 803 F.2d at 1040 ("[T]he use of summary proceedings to determine appropriate relief in equity receiverships, as opposed to plenary proceedings under the Federal Rules, is within the jurisdictional authority of a district court.") (citations omitted); *United States v. Arizona Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984) ("[T]he traditional rule is that summary proceedings are appropriate and proper to protect equity receivership assets.") (citations omitted). Summary procedures promote judicial efficiency and help maximize recovery by reducing the time necessary to settle disputes, decreasing litigation costs, and preventing further dissipation of receivership assets. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). Such procedures satisfy due process so long as investors and creditors of the receivership entities are given adequate notice and a full and fair opportunity to be heard. *Id.* at 1567; *Hardy*, 803 F.2d at 1040.

Here, the Receiver's proposed summary procedures provide a reasonable and practicable means of noticing, reviewing, and processing claims. The proposed Claim Form clearly and concisely explains what investors and creditors must do to properly submit their claims. (*See* Motion, Exh. A.) The publication of notice to potential claimants includes both an online and print component, with the print component focused in the geographic area with the largest concentration of Receivership Entity investors and the location of the Entities' principal place of business. (Motion 6:20–7:5.) The Receiver's proposed deadline for submitting claims—60 days after the publication of notice—provides a sufficient amount of time for claimants to receive

– 2 –

15cv226

and complete the Claim Form. Finally, the procedures allow investors and creditors who dispute the Receiver's recommendations to present disputed claims to the Court with a full and fair opportunity to be heard. (*Id.* 4:9–20.) Overall, the Court finds that these procedures provide fair notice of the claims process, and serve the interest of the investors and creditors. The summary procedures are approved.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the Receiver's motion in its entirety and **ORDERS** the following:

1. The Receiver's use of summary procedures for the determination of claims against the estate of the Receivership Entities, as detailed in the Motion, is authorized and approved;

2. The Receiver's proposed means of noticing prospective claimants, including via his website, email, mail, and by publication of a notice of the claims process in the San Diego Union-Tribune within ten (10) days of this order, and as detailed further in the Motion, is authorized and approved;

3. A claims bar date of sixty (60) days after the date of the Receiver's publication of notice of the claims process, as referenced in Paragraph 2, above, is hereby established; and

4. The notice and instructions, and claim form, attached to the Motion collectively as Exhibit A are approved.

**IT IS SO ORDERED**.

**DATED:  February 27, 2017**

Hon. Cynthia Bashant
United States District Judge