# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>    Defendants. | Case No. 15-cv-00226-BAS-DHB<br><br>**ORDER GRANTING THIRD INTERIM APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF RECEIVER AND RECEIVER'S COUNSEL**<br><br>[ECF No. 146] |

    Before the Court is Receiver Thomas A. Seaman's Third Interim Application for Payment of Fees and Receiver's Counsel Allen Matkins Leck Gamble Mallory & Natsis LLP's ("Allen Matkins") Third Interim Application for Payment of Fees and Reimbursement of Expenses. (ECF No. 146.) The applications cover the period from January 1, 2016 through December 31, 2016 (the "Application Period"). The Receiver reports $66,336.00 in fees incurred during the Application Period, and requests an interim payment of $59,702.40. Allen Matkins reports $375,326.60 in fees incurred during the Application Period, and requests an interim payment of $300,261.28. Allen Matkins also requests reimbursement in full of $6,215.35 in costs. The Securities and Exchange Commission ("SEC" or "Commission") has reviewed

the applications and supports the requests for interim payment of fees and reimbursement of costs. (ECF No. 147.)

## LEGAL STANDARD

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). This entitlement to reasonable compensation extends to the professionals employed by the receiver. *See Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). The court appointing the receiver has "full power" to fix the compensation of the receiver and the receiver's counsel. *Id.* "As a general rule, the expenses and fees of a receivership are a charge upon the property administered." *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994).

In evaluating the reasonableness of the fees and costs requested, the court considers, among other things, the quality of the work performed, the benefits obtained on behalf of the receivership estate, the complexity of the problems faced, and the burden of the fee request on the receivership estate. *See SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F.Supp. 1220, 1222 (S.D.N.Y. 1973). The receiver bears the burden of demonstrating to the court any entitlement to the payment of fees and costs in the amount requested. *See* 65 Am. Jur. 2d, *Receivers* § 228 (2d ed. Feb. 2016 update). The SEC's support for, or opposition to, a fee application "will be given great weight." *Fifth Ave. Coach Lines*, 364 F. Supp. at 1222.

## DISCUSSION

**A.  Receiver's Fee Request**

The Receiver requests $66,336.00 in fees for work performed during the Application Period.[1] According to the billing records submitted with the application,

---

[1] On June 7, 2016, the Court substituted Thomas A. Seaman as Receiver in place of Kristen A. Janulewicz, the Original Receiver. (ECF No. 102.) As such, the Application Period covers work performed by both Janulewicz as Original Receiver and Seaman as Successor Receiver. For the

– 2 –

the Receiver and his staff expended 350.5 hours on behalf of the receivership entities and estate, performing such tasks as accounting, investor relations, debt collection, subpoenaing and reviewing documents, and bringing a suit on behalf of the Receivership Entities against Private Placement Capital Notes II, LLC ("PPCN") and its principal. (ECF No. 146-1, Exh. A.) The average hourly rate for work performed during the Application Period ranged from $60 to $270, with a weighted average hourly rate of $189 per hour. *Id*. The Successor Receiver, whose normal billing rate is $400 per hour, agreed to a reduced hourly rate of $270 to ensure the turnover of receivers did not result in increased financial burden to the receivership estate. The Receiver represents that he saved the receivership estate approximately $18,000.00 through discounted billing rates and write-offs for travel time. (ECF No. 146-1, 5:19–23.)

The Court finds the Receiver's request for $66,336.00 in fees to be fair and reasonable. As with prior applications, the Receiver has provided thorough, well-documented billing records, allowing the Court to evaluate the tasks performed, hours expended, hourly rates, and total fees incurred for each task category. (ECF No. 146, Exhs. A, B.) The Receiver's hourly rate of $270, and the weighted average rate of $189 per hour, are eminently reasonable. The Receiver recovered $387,435.00 in assets during the Application Period, making the Receiver's fees a reasonable 17.1 percent of the gross receipts recovered. Finally, the SEC has reviewed the Receiver's fee application and supports the request for an interim payment, a position that this Court gives significant weight. Thus, considering the time records presented, the quality of the work performed, the benefits obtained on behalf of the receivership estate, and the SEC's perspective on the matter, among other factors, the Court finds the Receiver's fee request to be fair and reasonable. Accordingly, the Court approves

---

purposes of this Order, the Court's reference to "Receiver" includes work performed by both Janulewicz and Seaman.

the Receiver's fees in the amount of $66,336.00, and authorizes the Receiver to pay 90% of the approved fees (that is, $59,702.40) from the assets of the Receivership Entities, on an interim basis.

### B.     Allen Matkins' Request for Fees and Reimbursement of Costs

According to billing records submitted by Allen Matkins, the firm spent a total of 702.3 hours working on behalf of the Receiver, for fees totaling $375,326.60. (ECF Nos. 146-2, 146-4.) Hourly rates ranged from $265 to $795. The firm also incurred $6,215.35 in costs. *Id.*

Allen Matkins performed a wide range of tasks to assist the Receiver during the Application Period, including negotiating with creditors over proceeds claimed by both the creditors and the Receiver; helping the Receiver determine whether the Receivership Entities have a claim against Defendant Cooper's residence in St. George, Utah; drafting the Receiver's responses to motions filed by Defendant Cooper (in particular the Receiver's Opposition to Cooper's Motion to Sell Personal Assets and to Escrow Proceeds); assisting the Receiver in his efforts to oppose a motion to compel arbitration in the PPCN action; and assisting the Receiver in his efforts to initiate the claims process.

The Court finds that Allen Matkins' request for fees and costs is fair and reasonable. Allen Matkins is a well-known California firm with extensive experience in federal receiverships. The firm's billing rates are comparable to the usual fees for similarly complex services in the community. The firm has provided detailed billing records clearly outlining the tasks performed, the hourly rate, the time expended on each task, and the personnel assigned to each task. (ECF No. 146, Attach. 4.) The records indicate that the firm staffed the various tasks appropriately and efficiently based on the expertise required. Allen Matkins also states that it discounted its ordinary billing rates by 10% for attorneys staffed on this matter. (ECF No. 146-2, 4:17–19.) Finally, as in the case of the Receiver's fee application, the Court gives significant weight to the SEC's support for Allen Matkins' request for fees and

reimbursement of expenses, given the Commission's expertise and familiarity with comparable proceedings. Accordingly, the Court approves Allen Matkins' fees in the amount of $375,326.60, and authorizes and directs the Receiver to pay Allen Matkins 80% of the approved fees (that is, $300,361.28) from the assets of the Receivership Entities, on an interim basis. In addition, the Court approves Allen Matkins' costs totaling $6,215.35, and authorizes and directs the Receiver to reimburse Allen Matkins for such costs in full.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the Receiver's third interim application for fees and Allen Matkins' third interim application for fees and costs for the period January 1, 2016 through December 31, 2016 as follows:

1. The Court APPROVES the Receiver's fees in the amount of $66,336.00;
2. The Court AUTHORIZES and DIRECTS the Receiver to pay 90% of the approved fees (that is, $59,702.40) from the assets of the Receivership Entities, on an interim basis;
3. The Court APPROVES Allen Matkins' fees in the amount of $375,326.60;
4. The Court AUTHORIZES and DIRECTS the Receiver to pay Allen Matkins 80% of the approved fees (that is, $300,261.28) from the assets of the Receivership Entities, on an interim basis;
5. The Court APPROVES Allen Matkins' request for reimbursement of costs in the amount of $6,215.35, and AUTHORIZES and DIRECTS the Receiver to reimburse Allen Matkins for such costs in full.

**IT IS SO ORDERED**.

**DATED:  May 24, 2017**

Hon. Cynthia Bashant
United States District Judge