# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TOTAL WEALTH MANAGEMENT, INC., and JACOB KEITH COOPER,<br><br>　　　　　　Defendants. | Case No. 15-cv-00226-BAS-DHB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT JACOB KEITH COOPER'S MOTION TO STAY [ECF No. 173];**<br><br>**(2) GRANTING SEC'S MOTION FOR SUMMARY JUDGMENT [ECF. No. 151]; AND**<br><br>**(3) ENTERING FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT JACOB KEITH COOPER** |

Before the Court is the Securities and Exchange Commission's ("SEC" or "Commission") motion for summary judgment against Defendant Jacob Keith Cooper. (ECF No. 151.) The SEC seeks summary judgment that Mr. Cooper violated Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), and Rule 206(4)-8 thereunder. The SEC seeks a permanent injunction against Mr. Cooper, and an order requiring him to pay disgorgement with prejudgment interest and civil penalties. Mr. Cooper previously consented to the entry of a preliminary injunction against him in this action, prohibiting violations of Sections 206(1), (2), and (4) of the Advisers Act, and Rule 206(4)-8 thereunder. Mr. Cooper has not opposed the instant motion. However, he has filed a motion to stay these proceedings pending the outcome of a state criminal case against him initiated in March 2017. (ECF No. 173.)[1] Both the SEC and the Receiver have filed oppositions to Mr. Cooper's motion. (ECF Nos. 176, 177.)

**DISCUSSION**

**I. MOTION TO STAY[2]**

Whether to grant a motion to stay is in the discretion of the district court and should be made "in light of the particular circumstances and competing interests involved in the case." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Fed. Sav. & Loan Ins. Corp., v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). The court should consider:

(1) "the interest of the plaintiffs in proceeding expeditiously with the

---

[1] Mr. Cooper has requested oral argument on his motion to stay. (ECF No. 173.) The Court finds that this motion can be decided on the paper submissions and declines to hold oral argument. Civ. R. 7.1(d)(1).

[2] Mr. Cooper's motion to stay (ECF No. 173) failed to specify a hearing date in contravention of the Local Rules. Civ R. 7.1(b), (e). Moreover, Mr. Cooper failed to comply with this Chamber's Standing Order as it pertains to noticed motions. *See* Standing Order, Section 4. Nevertheless, the Court will rule on the substance of Mr. Cooper's motion to stay.

– 2 –

litigation" and any possible prejudice from the delay;

(2) the burden on the defendant if the case proceeds;

(3) the convenience of the court and the efficient use of judicial resources;

(4) "the interests of persons not parties to the civil litigation;" and

(5) "the interest of the public in the pending civil and criminal litigation."

*Molinaro*, 889 F.2d at 902−03.

In the context of these factors, the Court believes that a stay is not appropriate in this case. This case has been pending for two and a half years. It is set for trial in three months. Plaintiffs have filed their Motion for Summary Judgment demonstrating that there remains no triable issue of fact for trial. Mr. Cooper has failed to file an opposition despite an extension given by the Court. In fact, as the SEC observes, Mr. Cooper has never contested the substance of the SEC's allegations at any stage in this case. (ECF No. 176 at 9.) Since there appears to be no triable issue of fact, Mr. Cooper will not be forced to assert his Fifth Amendment rights at trial. He has additionally already given his deposition in this case, and much of his deposition testimony forms the basis for the Motion for Summary Judgment. *Molinaro*, 889 F.2d at 903. Any assertion of his Fifth Amendment rights at this late date will only have a minimal impact on this litigation.

Nor would staying this case save the Court judicial resources. The case is ready for a decision on summary judgment. The Court had prepared its summary judgment order granting the motion when this last-minute Motion to Stay was filed. At this point, staying the case would not conserve additional judicial resources. Moreover, the public has an interest in the expeditious litigation of this case, which would be frustrated by further delay. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995).

Furthermore, and most importantly, the Altus Fund investors have been waiting for the resolution of this case so that their missing funds can be recouped. These investors, as well as the SEC, which has devoted time preparing for trial and

– 3 –

the Motion for Summary Judgment, would be substantially prejudiced if the case were stayed. In contrast, the only party that would benefit from the stay is Mr. Cooper, who could continue to delay paying back the investors he owes.

Accordingly, the Court DENIES Defendant Jacob Keith Cooper's Motion to Stay. (ECF No. 173.)

## II. MOTION FOR SUMMARY JUDGMENT

A district court shall grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

"[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion[.]" *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Even where the party to whom the motion for summary judgment is directed fails to respond, the moving party still has the burden to demonstrate the absence of any material fact. *Cristobal v. Siegel*, 26 F.3d 1488, 1494−95 (9th Cir. 1994). The court may, however, grant an unopposed motion for summary judgment if the motion and supporting materials show there is no issue of material fact, and the movant is entitled to summary judgment as a matter of law. *See White by White v. Pierce Cty.*, 797 F.2d 812, 814−15 (9th Cir. 1986); Fed. R. Civ. P. 56(e)(3).

The SEC filed and served its motion for summary judgment on June 9, 2017. (ECF No. 151.) Mr. Cooper's opposition brief was due on July 10, 2017, and as of August 25, 2017, he has not responded. The Commission represents that it reached out to Mr. Cooper's current counsel of record, and to other counsel who have assisted Mr. Cooper at other points throughout this case, to no avail. (ECF No. 152.)

Having reviewed the SEC's motion for summary judgment, and having carefully considered the attached declarations, deposition testimony, and other

– 4 –

supporting materials, the Court concludes the SEC has met its burden to demonstrate the absence of any material fact and entitlement to judgment as a matter of law. Accordingly, the Court GRANTS summary judgment on the SEC's claims that Mr. Cooper violated Sections 206(1), (2), and (4) of the Advisers Act, and Rule 206(4)-(8) thereunder.

**FINAL JUDGMENT AND ORDER**

Having granted the SEC's motion for summary judgment, the Court enters FINAL JUDGMENT as follows:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the SEC's Motion for Summary Judgment against Defendant Jacob Keith Cooper is GRANTED. (ECF No. 151.)

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Jacob Keith Cooper is permanently enjoined from, directly or indirectly, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.      with scienter, employing devices, schemes or artifices to defraud clients or prospective clients; or

    B.      engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Jacob Keith Cooper's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with

Defendant Jacob Keith Cooper or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jacob Keith Cooper is permanently enjoined from, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, by the use of any means or instrumentality of interstate commerce,

    A.    making untrue statements of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    B.    engaging in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle;

in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Jacob Keith Cooper's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Jacob Keith Cooper or with anyone described in (a).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jacob Keith Cooper is liable for disgorgement of $262,787 (total disgorgement of $412,787 less a credit of $150,000 for funds paid), representing profits gained as a result of the conduct alleged in the Complaint. Mr. Cooper is also liable for prejudgment interest on his net disgorgement obligation of $262,787 in the amount of $21,567, for a total disgorgement of $284,354. Mr. Cooper shall also pay a civil

penalty in the amount of $300,000 pursuant to Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-(9)(e). Defendant shall satisfy this obligation by paying $284,354 plus the amount of the civil penalty set forth above (i.e., $300,000) to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. The total amount due to the Commission within 14 days after entry of this Final Judgment is $584,354.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and the name of this Court; Defendant Jacob Keith Cooper as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendant.

The SEC shall hold the funds (collectively, the "Fund") and may transfer them to the receiver or propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for the purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of this Final Judgment.

## VII.

There being no reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

**DATED: September 27, 2017**

Hon. Cynthia Bashant
United States District Judge