# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC., *et al.*,<br><br>                      Defendants. | Case No. 15-cv-00226-BAS-DHB<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[ECF No. 196] |

Before the Court is an *ex parte* motion by Receiver Thomas A. Seaman to file under seal a joint motion by and among the Receiver and Plaintiff Securities and Exchange Commission for approval of two confidential settlements. (ECF No. 196). The Receiver and the Commission indicate that, consistent with this Court's practice in this matter of requesting the settlement agreement in order to approve a settlement, the settlements will be submitted with the joint motion. (*Id.*) The Court grants the motion to seal.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v.*

– 1 –

*Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

**DISCUSSION**

Here, the joint motion the Receiver and the Commission seek to file under seal is only tangentially related to the merits of the case. For this reason, the Court assesses whether there is good cause to file the joint motion under seal. The moving parties argue that the joint motion should be filed under seal because the terms of the settlement agreement are confidential and appended to the motion. (ECF No. 196 at 3.) The Court agrees that there is good cause to file the joint motion under seal for this reason. Moreover, this is consistent with this Court's prior grant of a motion to seal a joint motion to approve a settlement agreement related to this action. (*See* ECF No. 183.)

**CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** the *ex parte* motion to file under seal. (ECF No. 196.) The joint motion lodged under seal (ECF No. 197) shall remain under seal.

**IT IS SO ORDERED.**

**DATED: March 5, 2018**

Hon. Cynthia Bashant
United States District Judge