1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>      v.<br><br>TOTAL WEALTH MANAGEMENT, INC., *et al.*,<br><br>                              Defendants. | Case No. 15-cv-00226-BAS-RNB<br><br>**ORDER:**<br><br>**(1) GRANTING FOURTH INTERIM APPLICATIONS FOR PAYMENT OF FEES AND REIMBURSEMENT OF RECEIVER THOMAS A. SEAMAN AND ALLEN MATKINS,**<br><br>**(2) GRANTING FIRST APPLICATION OF CROWE LLP, ACCOUNTANT FOR THE RECEIVER,**<br><br>**AND**<br><br>**(3) INSTRUCTING RECEIVER TO PROPOSE AN OMNIBUS PLAN FOR DISTRIBUTION OF PROCEEDS AND WINDING-UP OF THE RECEIVERSHIP**<br><br>**[ECF No. 241]** |

Before the Court are the Fourth Interim Applications for Payment of Fees and

Reimbursement of Expenses of the Receiver and his counsel of record, Allen Matkins

Leck Gamble Mallory & Natsis LLP ("Allen Matkins").  These applications cover the period from January 1, 2017 through July 31, 2018 (the "Application Period").  The Receiver reports $148,290.00 in fees incurred during the Application Period and requests an interim payment of 90% of his fees, for an award amount of $133,461.00.  Allen Matkins reports $421,162.25 in fees incurred during the Application Period, and requests an interim payment of 70% of its fees, for an award amount of $294,814.57.  Allen Matkins also requests full expenses reimbursement in the amount of $5,107.86.  In addition to these Applications, the accountant for the Receiver, Crowe LLP ("Crowe"), has filed its First Application for Compensation and Reimbursement of Expenses.  (ECF No. 241–3.)  The Crowe application period covers March 1, 2015 through November 30, 2017.  (*Id.*)  Crowe reports $157,727.00 in fees, for which it seeks payment of the outstanding $125,330.81 balance, and no expenses.  The Securities and Exchange Commission ("SEC") has a filed a notice of non-opposition to the Receiver's and Allen Matkins' Fourth Applications and Crowe's First Application.  (ECF No. 243.)  For the reasons herein, the Court grants each Application.

## LEGAL STANDARD

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008).  This entitlement to reasonable compensation extends to the professionals employed by the receiver.  *See Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).  The court appointing the receiver has "full power" to fix the compensation of the receiver and the receiver's counsel.  *Id.*  "As a general rule, the expenses and fees of a receivership are a charge upon the property administered."  *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994).

In evaluating the reasonableness of the fees and costs requested, the court considers, among other things, the quality of the work performed, the benefits

obtained on behalf of the receivership estate, the complexity of the problems faced, and the burden of the fee request on the receivership estate. *See SEC v. Fifth Ave. Coach Lines, Inc*., 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973). The receiver bears the burden of demonstrating to the court any entitlement to the payment of fees and costs in the amount requested. *See* 65 Am. Jur. 2d, Receivers § 228 (2d ed. Feb. 2016 update). The SEC's support for, or opposition to, a fee application "will be given great weight." *Fifth Ave. Coach Lines*, 364 F. Supp. at 1222.

**DISCUSSION**

**A.     The Receiver's Fourth Request for Fees**

The Receiver requests $133,461.00 in fees for work performed during the Application Period. According to the billing records submitted with the application, the Receiver and his staff expended 1,226.1 hours on behalf of the Receivership, performing such tasks as working to recover additional assets of the Receivership Entities, reviewing and addressing investor and creditor claims on the Receivership Entities, recovering settlement proceeds in connection with two California state court actions, and the compilation of reports to the Court regarding administration of the Receivership. (ECF No. 241-1 at 2–4.) The average hourly rate for work performed during the Application Period by the Receiver's agents ranged from $60 to $270, at an average hourly rate of $109 per hour. *Id.* at 6. The Successor Receiver, whose normal billing rate is $400 per hour, agreed to a reduced hourly rate of $270. The Receiver represents that he saved the receivership estate approximately $15,886.00 through his discounted billing rates during the Application Period. (ECF No. 241-1 at 6.) The Receiver represents that by using qualified staff billing at "significantly lower rates," he achieved a "blended" weighted average hourly rate of $121 per hour. (*Id*.)

The Court finds the Receiver's request for $133,461.00 in fees to be fair and reasonable. As with prior applications, the Receiver has provided thorough, well documented billing records, allowing the Court to evaluate the tasks performed, hours

– 3 –

expended, hourly rates, and total fees incurred for each task category. (ECF No. 241-1 Exs. A, B.) The Receiver's hourly rate of $270 is reasonable. The Receiver recovered $1,009,623 in assets during the Application Period, making the Receiver's requested fees a reasonable 14.7% of the gross receipts recovered during the period. Finally, the SEC has reviewed the Receiver's fee application and supports the request for an interim payment, a position that this Court gives significant weight. Thus, considering the time records presented, the quality of the work performed, the benefits obtained on behalf of the receivership estate, and the SEC's perspective on the matter, among other factors, the Court finds the Receiver's fee request to be fair and reasonable. Accordingly, the Court approves the Receiver's fees of $148,290.00 during the Application Period and authorizes the Receiver to pay on an interim basis $133,461.00 from the assets of the Receivership Entities, which reflects 90% of the approved fees.

**B.     Allen Matkins' Fourth Request for Fees and Reimbursement of Costs**

According to billing records submitted by Allen Matkins, the firm spent a total of 786.4 hours working on behalf of the Receiver, for fees incurred totaling $421,162.25. (ECF Nos. 241-2 at 4, Ex. A.) The hourly rates ranged from $265.50 to $795. The firm also incurred $5,017.86 in expenditures. (ECF No. 241-2 at 4.) Allen Matkins performed a wide range of tasks to assist the Receiver during the Application Period, including negotiation and obtaining of court approval for settlements of certain related state court actions, recovery of funds for the Receivership, preparation and submission of the Receiver's interim reports to the Court, assistance of the review and process of timely claims by Receivership Entity investors and other creditors. (*Id*. at 3–4.)

The Court concludes that Allen Matkins' request for fees and costs is fair and reasonable. Allen Matkins is a well-known California firm with extensive experience in federal receiverships. (ECF No. 241-2 Ex. B.) The firm's billing rates are comparable to the usual fees for similarly complex services in the community. The

firm has provided detailed billing records clearly outlining the tasks performed, the hourly rate, the time expended on each task, and the personnel assigned to each task. (ECF No. 241-2 Ex. A.) The records indicate that the firm staffed the various tasks appropriately and efficiently based on the expertise required. Allen Matkins also states that it discounted its ordinary billing rates by 10% for attorneys staffed on the matter. (ECF No. 241-2 at 5.) Finally, as in the case of the Receiver's fee application, the Court gives significant weight to the SEC's support for Allen Matkins' request for fees and reimbursement of expenses, given the Commission's expertise and familiarity with comparable proceedings. Accordingly, the Court approves Allen Matkins' fees in the amount of $421,162.25. The Receiver is authorized to pay on an interim basis $294,814.57 from the assets of the Receivership Entities, which reflects 70% of the approved fees during the Application Period. In addition, the Court approves Allen Matkins' costs totaling $5,107.86, and authorizes and directs the Receiver to reimburse Allen Matkins for such costs in full.

## C. Crowe's First Request for Fees

As a final matter, Crowe makes its first request for fees incurred in connection with the Receivership, which account for the March 1, 2015 through November 30, 2017 time period. Crowe seeks approval of $157,727.00 in fees and reports that $32,396.10 has been paid to date. Crowe thus requests an order authorizing the Receiver to pay the unpaid balance of $125,330.81.

According to billing records submitted by Crowe, the firm spent a total of 719.20 hours working on behalf of the Receiver, for fees incurred totaling $421,162.25, during the 32-month period covered in its application. (ECF Nos. 241-3 at 2, Exs. A–C, E.) The hourly rates ranged from $60 to $665. (ECF No. 241-3 Ex. B.) The firm has not reported any expenses during the period. (ECF No. 241-2 at 2.) Crowe performed a range of accounting tasks to assist the Receiver during its application period, including reconstruction of the pre-receivership financial records and tax books, analysis of federal and state income tax issues, and preparation of 44

– 5 –

federal and state income tax returns for various Receivership Entities. (ECF No. 241-3 at 3–4.)

The Court concludes that Crowe's request for fees and costs is fair and reasonable. Crowe is an experienced accounting firm. (ECF No. 241-3 Ex. D.) The firm has provided detailed billing records clearly outlining the tasks performed, the hourly rate, the time expended on each task, and the personnel assigned to each task. (ECF No. 241-2 Ex. A.) Crowe indicates that it submitted "some of its bills" to the Receiver for advance approval, which included certain reductions in fees, which the Receiver in turn reviewed and also requested certain reductions. (ECF No. 241-2 at 9.) Crowe further states that it attempted "as best as possible" to avoid utilizing professional at a right rate than needed." (*Id*.)[1] Finally, as in the case of the Receiver's and Allen Matkins' fee applications, the Court gives significant weight to the SEC's support for Crowe's request for fees, given the Commission's expertise and familiarity with comparable proceedings. Unlike with the Receiver and Allen Matkins, the SEC has not requested a percentage reduction of the fees to be awarded on an interim basis.[2] Accordingly, the Court approves Crowe's fees in the amount of $157,727.00, for the period dated March 1, 2015 through November 30, 2017. The Receiver is authorized to pay the remaining $125,330.81 balance, on an interim basis, from the assets of the Receivership Entities.

---

[1] Like both the Receiver and Allen Matkins have done, any future fee applications from Crowe shall expressly identify the magnitude of any billing discounts and reductions, whether by percentage or in a dollar figure. Crowe shall also report to the Court the average hourly rate and weighted average hourly weight for the work completed during the application period. Future applications should provide information showing the magnitude of requested fees relative to the gross receipts for the Receivership Assets. In other words, Crowe should strive to conform any future fee applications to the Court with the information provided by the Receiver and Allen Matkins.

[2] The Receiver and/or the SEC should consider whether it is appropriate to do so in connection with any future request for fees by Crowe. Any future request for fees should both indicate whether such consideration has occurred and the decision reached.

# CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** (1) the Receiver's and Allen Matkins' respective fourth interim applications for fees and costs for the period January 1, 2017 through July 31, 2018, and (2) Crowe's first interim application for fees for the period March 1, 2015 through November 30, 2017, as follows:

1.     The Court **APPROVES** the Receiver's fees in the amount of $148,290.00;

2.     The Court **AUTHORIZES** and **DIRECTS** the Receiver to pay 90% of the approved fees from the assets of the Receivership Entities, on an interim basis, in the amount of $133,461.00;

3.     The Court **APPROVES** Allen Matkins' fees in the amount of $421,162.25;

4.     The Court **AUTHORIZES** and **DIRECTS** the Receiver to pay Allen Matkins 70% of the approved fees from the assets of the Receivership Entities, on an interim basis, in the amount of $294,814.57;

5.     The Court **APPROVES** Allen Matkins' request for reimbursement of costs in the amount of $5,107.86, and **AUTHORIZES** and **DIRECTS** the Receiver to reimburse Allen Matkins for such costs in full.

6.     The Court **APPROVES** Crowe's fees in the amount of $157,727.00; and

7.     The Court **AUTHORIZES** and **DIRECTS** the Receiver to pay Crowe the remaining balance of $125,330.81.

8.     In addition, **the Receiver is AUTHORIZED and INSTRUCTED** to develop and propose an omnibus plan which addresses: (1) the Receiver's plan for distribution of proceeds on allowed claims per the Court's prior order (ECF No. 240) and as the Receiver recommended in his Seventh Interim Report to the Court (ECF No. 232 at 8), and (2) the Receiver's plan for winding-up and closing the instant Receivership.  The plan shall address payment of any outstanding fees and expenses

– 7 –

incurred for period after the Fee Applications covered by the instant order. **The Receiver shall submit his proposed omnibus plan and all necessary documentation to the Court no later than February 11, 2019**.

**IT IS SO ORDERED.**

**DATED:  December 4, 2018**

**Hon. Cynthia Bashant**
**United States District Judge**