# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br> v.<br><br>TOTAL WEALTH MANAGEMENT, INC., *et al.*,<br><br>         Defendants. | Case No. 15-cv-00226-BAS-MSB<br><br>**ORDER:**<br><br>**(1) APPROVING FINAL REPORT AND ACCOUNTING;**<br><br>**(2) AUTHORIZING PAYMENT OF FINAL FEE APPLICATIONS OF RECEIVER AND PROFESSIONALS;**<br><br>**(3) AUTHORIZING RECEIVER TO COMMENCE WIND-UP TASKS;**<br><br>**AND**<br><br>**(4) STAYING ACTION AND RECEIVERSHIP, AND DISCHARGING AND RELEASING RECEIVER**<br><br>**[ECF No. 259]** |

  Before the Court is Thomas A. Seaman's ("Receiver") Motion for an Order Approving the Final Report and Accounting, Authorizing Payment of Final Fee Applications of Receiver and Professionals, and Staying the Receivership Case and Discharging and Releasing the Receiver ("Motion"). (ECF No. 259.) Accompanying the Motion is the Receiver's Final Report and Accounting ("Final Report") and the Final Applications for Payment of Fees and Reimbursement of Expenses of the Receiver,

Receiver's counsel Allen Matkins, and Receiver's tax accountants Crowe LLP (collectively, "Final Fee Applications"). (ECF Nos. 259-1, 259-2, 259-3, 259-4.) Plaintiff Securities and Exchange Commission ("SEC") does not oppose the Motion. (ECF No. 260.)

The Court, having considered the above-referenced motion, applications, and other supporting materials, **GRANTS** the Motion and **HEREBY ORDERS** the following:

(1) The Final Report is **APPROVED** in its entirety;

(2) The Receiver is **AUTHORIZED** to pay the fees and expenses requested in the Final Fee Applications as follows[1]:

   (a) the holdback amount of $50,115.89 plus $41,491.50 incurred from August 1, 2019 through December 21, 2019, for a total of **$91,607.39**, to Receiver Thomas A. Seaman;

   (b) the holdback amount of $283,719.02 plus $135,000.00 for fees and expenses incurred from August 1, 2018 to termination of the instant Receivership, for a total of **$418,719.02**, to Allen Matkins Leck Gamble Mallory & Natsis LLP;

   (c) $37,991.03 in fees and expenses incurred from December 1, 2017 through July 1, 2019, plus an additional amount for future work to be performed through termination of the instant Receivership, for a total of **$50,000.00** to Crowe LLP for the period from December 1, 2017 to termination of the instant Receivership;

(3) The Receiver is **AUTHORIZED** to commence termination of the instant Receivership by performing the following wind-up tasks:

   (a) Submit all necessary tax returns for each calendar year of the pendency of the Receivership;

---

[1] For this purpose, the Court **GRANTS** the Receiver's request to increase the Reserve amount to $226,491.50 to allow the additional funds recovered by the Receiver to be used to compensate the Receiver and his Professionals.

  (b) Abandon any documents containing no private information, and destroy any documents containing private information, within 90 days of this Order—except those necessary to the Final Distribution;

  (c) Remit the remaining balance of **$2,163.09** in Receivership assets, after payment of the Final Fee Applications and $500.00 for document destruction, to the SEC for payment to the United States Treasury;

(4) This action and Receivership are **STAYED**, and jurisdiction retained by this Court, for the limited purpose of permitting the Receiver to make the Final Distribution of proceeds recovered from the PPCN Settlement, if any;

(5) The Receiver is **DISCHARGED** and **RELEASED**, and the Receivership will be terminated upon the Receiver's submission of the Closing Declaration and supporting order to the Court reflecting the completion of all closing tasks, and the final disposition of the PPCN Settlement and/or judgment including the Final Distribution, if any.

**IT IS SO ORDERED.**

DATED: April 21, 2020

Hon. Cynthia Bashant
United States District Judge